STATE of Indiana, Appellant–Plaintiff,

v.

Johnny BILBREY, Appellee–Defendant.

No. 18A04–0010–CR–433.

Court of Appeals of Indiana.

March 6, 2001.

Karen M. Freeman–Wilson, Attorney General of Indiana, Grant H. Carlton,

Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Kevin P. McGoff, Alicia A. Gooden, Kiefer & McGoff, Indianapolis, IN, Attorney for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Plaintiff, State of Indiana (State), appeals the trial court's grant of Appellee Defendant's, Johnny Bilbrey (Bilbrey), motion to dismiss the charges of operating a vehicle after lifetime suspension, a Class C felony, Ind.Code § 9–30–10–17, and operating a vehicle while intoxicated, a Class A misdemeanor, Ind.Code § 9–30–5–2.

We reverse.

### ISSUE

The State raises one issue on appeal, which we restate as follows: whether the trial court properly dismissed the informations against Bilbrey.

### FACTS AND PROCEDURAL HISTORY

On November 4, 1999, Michael Atkins (Atkins) heard a loud noise outside of his home. Atkins went outside and saw that a truck had run into a tree in his backyard. Atkins also saw Bilbrey standing near his next-door-neighbor's house.

On December 15, 1999, Bilbrey was charged with operating a vehicle after lifetime suspension, a Class C felony, Ind. Code § 9–30–10–17, operating a vehicle while intoxicated, a Class A misdemeanor, Ind.Code § 9–30–5–2, and disorderly conduct, a Class B misdemeanor, Ind.Code § 35–45–1–3(2). On January 27, 2000, Bilbrey was additionally charged with being an habitual offender, Ind.Code 35–50–2–8(b).

On June 16, 2000, Bilbrey filed a motion to dismiss the charges of operating a vehicle after lifetime suspension and operating a vehicle while intoxicated. Bilbrey argued that he was not operating a vehicle on the day of the alleged offenses. He further argued that it was his sister, Teresa, that was operating the vehicle which was the subject of the informations filed against him. On July 13, 2000, the trial court held a hearing on Bilbrey's motion to dismiss. The trial court held:

I, be the position of the Court, I really do not see any factual issue. There just is not before the Court, other than simply the allegation that he may have, uh, operated the motor vehicle. There doesn't seem to be any evidence before the Court to back that up. The only evidence before the Court is that he was not driving the motor vehicle at the time. Consequently, the Motion to Dismiss as it pertains to the charges involving operating, uh, these two charges are now dismissed.

(R. 105).

On August 4, 2000, the State filed a motion to correct error, claiming that the trial court erred in dismissing the charges against Bilbrey. The State argued that the question of whether Bilbrey operated a vehicle was a matter for the trier of fact, and not appropriate for a motion to dismiss. On August 31, 2000, the trial court denied the State's motion to correct error. The State now appeals.

### DISCUSSION AND DECISION

The State argues that the trial court improperly granted Bilbrey's motion to dismiss the informations filed against him.

Ind.Code § 35–34–1–4(a) states as follows:

The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:

(1) The indictment or information, or any count thereof, is defective under section 6 of this chapter.

(2) Misjoinder of offenses or parties defendant, or duplicity of allegation in counts.

(3) The grand jury proceeding was defective.

(4) The indictment or information does not state the offense with sufficient certainty.

(5) The facts stated do not constitute an offense.

(6) The defendant has immunity with respect to the offense charged.

(7) The prosecution is barred by reason of a previous prosecution.

(8) The prosecution is untimely brought.

(9) The defendant has been denied the right to a speedy trial.

(10) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.

(11) Any other ground that is a basis for dismissal as a matter of law.

█ It is the State's contention that whether Bilbrey operated a motor vehicle is a factual issue, and not an issue that can be decided as a matter of law. Generally, when a defendant files a motion to dismiss an information, the facts alleged in the information are to be taken as true. *State v. D.M.Z.*, 674 N.E.2d 585, 587 (Ind.Ct. App.1996). Furthermore, in *Taylor v. State*, 677 N.E.2d 56, 67 (Ind.Ct.App.1997), this court held that:

> The purpose of an information is to guarantee certain protections to the criminally accused. First, the charging document must set forth the elements of the offense charged in order to apprise the defendant with reasonable certainty of the accusation against him. Second, the offense charged must be described with sufficient particularity to permit a defense of double jeopardy in the event of a subsequent prosecution.

*Id.* (citations omitted). Finally, in *State v. Houser*, 622 N.E.2d 987, 988 (Ind.Ct.App. 1993), this court held that it is improper for a trial court to grant a defendant's motion to dismiss an information when it is based on the sufficiency of the evidence. Consequently, the State claims that the trial court's dismissal of the charges against Bilbrey was based on insufficient evidence, and, thus, the dismissal was improper.

However, Bilbrey insists that the trial court properly dismissed the charging informations against him as a matter of law. Bilbrey maintains that the State's mere assertion that he was operating the vehicle at the time of the accident was not sufficient to preclude dismissal of the informations. In support of his argument, Bilbrey cites to *D.M.Z.* In *D.M.Z.*, the State filed an information which alleged that on three separate occasions, D.M.Z. had engaged in sexual conduct with C.P. in violation of the child seduction statute. *D.M.Z.*, 674 N.E.2d at 587. D.M.Z. moved to dismiss the charges on several grounds: (1) D.M.Z. was not C.P.'s custodian, (2) the Shelter was not a foster care facility, and (3) the child seduction statute was unconstitutionally vague. *Id.* Following a hearing, the trial court granted D.M.Z.'s motion to dismiss. *Id.* The trial court concluded that as a matter of law, D.M.Z. was not C.P.'s custodian and that the Shelter was not a foster care facility. *Id.* On appeal, this court found that the trial court accepted all the material facts in the information as true but concluded that the information did not establish, as a matter of law, that D.M.Z. was a "custodian" within the meaning of the child seduction statute. *Id.* Consequently, we found that the trial court did not err when it declined to accept at face value the State's allegation that D.M.Z. was C.P.'s custodian. *Id.*

The present case is distinguishable from *D.M.Z.* In *D.M.Z.*, the defendant did not fall within the meaning of a "custodian" as a matter law. *Id.* The court based its reasoning on statutory law and legislative intent. *Id.* at 587–589. Here, the question of whether Bilbrey operated a motor vehicle is a question of fact.

Ind.Code § 9–13–2–118(a) states as follows:

"Operator" means, except as provided in subsection (b), when used in reference to a motor vehicle, a person, other than a chauffeur or a public passenger chauffeur, who:

(1) drives or is in actual physical control of a motor vehicle upon a highway; or

(2) is exercising control over or steering a motor vehicle being towed by a motor vehicle.

It would be necessary to develop the facts of this case to determine whether Bilbrey operated a motor vehicle. It would not be necessary to look at the legislators' intent of who falls within the "operator" category. The informations against Bilbrey state that he was operating a motor vehicle. The fact that Bilbrey denies this allegation does not demonstrate, as a matter of law, that he was not operating a motor vehicle. Consequently, we find that the trial court erred in granting Bilbrey's motion to dismiss the charges of operating a vehicle after lifetime suspension and operating a vehicle while intoxicated.

Reversed.

ROBB, J., and DARDEN, J., concur.