David **DELAGRANGE**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 49A02–1010–CR–1086.

Court of Appeals of Indiana.

July 18, 2011.

Bryan Lee Ciyou, Vernon E. Lorenz, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant David Delagrange appeals the partial denial of his motion to dismiss. We affirm and remand.

### ISSUE

Delagrange raises one issue, which we restate as: whether the trial court abused its discretion by denying in part Delagrange's motion to dismiss.

### FACTS AND PROCEDURAL HISTORY

The parties stipulated to the following facts. On February 27, 2010, Delagrange went to a mall in Indianapolis. He had attached a camera to one of his shoes. The camera was connected to a digital recording device that stored the camera's images. In addition, Delagrange had attached a fishing line to the inside of his front pants pocket and the cuff of one leg of his pants. Delagrange used the fishing line to pull up his pants leg and expose the camera to take pictures.

At the mall, Delagrange approached several young women who were working or shopping in various stores. Three of the young women were seventeen years of age, and one was fifteen. All four of them were wearing skirts or dresses. Delagrange attempted to surreptitiously place his foot between their legs to take pictures under their skirts or dresses. After several of these encounters, Delagrange was arrested at the mall for resisting law enforcement. A review of his camera recordings revealed photographs of areas under some of the young women's skirts and dresses.

The State charged Delagrange with four counts of attempted child exploitation, all Class C felonies, Indiana Code sections 35–41–5–1 (1977) and 35–42–4–4(b) (2007); ten counts of voyeurism, all Class D felonies, Indiana Code section 35–45–4–5 (2005); and resisting law enforcement, a Class A misdemeanor, Indiana Code section 35–44–3–3 (2006).[1] Delagrange filed a motion to dismiss the voyeurism and attempted child exploitation charges. The trial court held a hearing on the motion, and the parties submitted a joint stipulation of facts. The trial court dismissed the voyeurism charges but declined to dismiss the four counts of attempted child exploitation. Subsequently, Delagrange sought and obtained permission from the trial court and this Court to pursue this interlocutory appeal of the trial court's decision.

### DISCUSSION AND DECISION

Indiana Code section 35–34–1–4(a) (1983) provides, in relevant part, "[t]he court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds ... [t]he facts stated do not constitute an offense." We review a trial court's denial of a motion to dismiss for an abuse of discretion. *Ingram v. State*, 760 N.E.2d 615, 618 (Ind.Ct. App.2001), *trans. denied.* In reviewing a trial court's decision for an abuse of discretion, we reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

 As a general rule, when a defendant files a motion to dismiss an information, the facts alleged in the information are to be taken as true. *State v. Bilbrey,* 743 N.E.2d 796, 798 (Ind.Ct.App.2001). Questions of fact to be decided at trial or facts constituting a defense are not proper-

1. Other than the attempt statute, all of the statutes upon which the charges against Delagrange are based were amended after he was charged. We cite to the versions of the statutes that were in effect when Delagrange is alleged to have committed these crimes.

ly raised by a motion to dismiss. *State v. Isaacs*, 794 N.E.2d 1120, 1122 (Ind.Ct.App. 2003). A hearing on a motion to dismiss is not a trial of the defendant on the offense charged. *See id.* (noting that the facts permitted to be raised in a motion to dismiss "typically concern only pre-trial matters").

█ Delagrange asserts that the facts, as pleaded in the charging information, do not constitute crimes of attempted child exploitation. In the information, all four counts of attempted child exploitation are almost identical, differing only in the age and identity of the alleged victims. For each count, the State alleges that Delagrange "engage[ed] in conduct that constituted a substantial step towards" the offense of "knowingly or intentionally produc[ing] and/or creat[ing] and/or film[ing] and/or videotap[ing] and/or [creating a] digitized image of a performance or incident that includes sexual conduct by a child under eighteen (18) years of age" by using his shoe camera to "record[ ] video of the area under the skirt or dress of the child, . . ." Appellant's App. pp. 19, 20, 21. These allegations adequately state the elements of attempt and child exploitation. *See* Ind.Code §§ 35–41–5–1, 35–42–4–4(b).

Delagrange's specific challenge to the information is that he contends the statutory definition of "sexual conduct" does not encompass his activity at the mall on that day. For the purposes of the statute that defines child exploitation, "sexual conduct" is:

> sexual intercourse, deviate sexual conduct, exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person, sadomasochistic abuse, sexual intercourse or deviate sexual conduct with an animal, or any fondling or touching of a child by another person or of another person by a child intended to arouse or satisfy the sexual desires of either the child or the other person.

Ind.Code § 35–42–4–4(a).

The parties do not discuss any element of "sexual conduct" other than the element of "exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person. . . ." *Id.* Delagrange argues that the information does not adequately allege criminal conduct because he did not photograph uncovered genitals when he allegedly took pictures under the young women's skirts. We disagree. Delagrange was charged with attempted child exploitation, not the completed crime, so whether he succeeded in taking photographs of uncovered genitals is not relevant to the question of whether the charging information adequately alleges that a crime has been committed.

Delagrange also argues that based on the facts as alleged, "[n]o one attempted to do anything to exhibit exposed genitals." Appellant's Br. p. 12. Courts may consult English language dictionaries to ascertain the plain and ordinary meaning of a statutory term. *Stratton v. State*, 791 N.E.2d 220, 224 (Ind.Ct.App.2003), *trans. denied.* To "exhibit" is defined as "to show or display." The American Heritage Dictionary of the English Language 460 (1981). If Delagrange had taken photographs of uncovered genitals under the alleged victims' skirts or dresses, then he would have shown or displayed them as a digital image. Delagrange's behavior is sufficient to constitute an attempted exhibition as described by statute.

Delagrange cites *Herron v. State*, 729 N.E.2d 1008 (Ind.Ct.App.2000), *trans. denied*, in support of his claim, but that case is distinguishable. In *Herron*, this Court was asked to determine whether an unborn child fit the statutory definition of a "dependent" for the purpose of the crime

of neglect of a dependent. *Id.* at 1010. This Court concluded that an unborn child did not meet the statutory definition of a dependent, and we could not expand the definition beyond the fair meaning of the words used. *Id.* at 1011. By contrast, in the current case Delagrange's attempted photography of areas under young women's skirts and dresses reasonably fits the statutory definition of sexual conduct.

■ Finally, Delagrange contends that because he was not taking pictures in a bathroom or dressing room, but rather in open public areas of the mall, he could not have expected to see uncovered genitalia under the young women's clothing. This argument is a request to consider the merits of the case, which we cannot do. The State has alleged that Delagrange knowingly or intentionally attempted to create an image of sexual conduct, which is a sufficient statement of Delagrange's mental state to survive a motion to dismiss. At trial, the State will bear the burden of proving that Delagrange possessed the culpable mental state, but the State does not need to meet that burden of proof at this stage. *See Isaacs,* 794 N.E.2d at 1123 (concluding that the defendant "was not entitled to dismissal of the charging information on the basis that he purportedly had a valid factual defense to the charges").[2]

### CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court and remand for further proceedings.

Affirmed and remanded.

CRONE, J., concurs.

BAKER, J., dissents with opinion.

BAKER, Judge, dissenting.

I respectfully dissent and part ways with the majority's decision to affirm the denial of Delagrange's motion to dismiss the charges of attempted child exploitation. As the majority acknowledges, Indiana Code section 35-34-1-4(a) provides that the trial court may dismiss the charging information if "[t]he facts stated do not constitute an offense."

In my view, Delagrange's activity at the mall does not satisfy the definition of "sexual conduct" as set forth in Indiana Code section 35-42-4-4. Indeed, nothing that Delagrange did that day could be reasonably considered to have involved the "exhibition of the uncovered genitals intended to satisfy or arouse the sexual desire of any person," as the statute requires. *Id.*

The State alleged that Delagrange walked around the mall and tried to take photographs or videos underneath the dresses or skirts of adults and teenagers. Such "up-skirt" photographs may, indeed, be morally unacceptable and alarming to many. Moreover, Delagrange's conduct, as noted by defense counsel, may be labeled "weird, odd, or uncommon," at the very least. Appellant's Br. p. 5. However, I do not believe that Delagrange's actions amounted to the criminal offense of attempted child exploitation under the current version of Indiana Code sections 35-41-5-1 and -42-4-4(b). *See Herron v. State,* 729 N.E.2d 1008, 1011 (Ind.Ct.App. 2000) (observing that conduct, however, reprehensible, is not a crime unless the General Assembly has exercised its au-

---

**2.** Delagrange also argues that he did not have fair notice that taking photos up young women's skirts at the mall constituted attempted child exploitation. Delagrange did not present this argument to the trial court; conse-

quently, he has waived it on appeal. *See State v. Peters,* 921 N.E.2d 861, 867 (Ind.Ct.App. 2010) (noting, "Indiana's appellate courts look with disfavor upon issues that are raised by a party for the first time on appeal").

thority to define it as such). As a result, I vote to reverse the trial court's denial of Delagrange's motion to dismiss the charges of attempted child exploitation.