# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**MICHAEL C. BORSCHEL**
Fishers, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID DELAGRANGE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1203-CR-144 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-1003-FC-15460

**January 25, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

David Delagrange appeals his conviction of four counts of Class C felony attempted child exploitation.[1] Delagrange presents two issues, one of which we find dispositive: Whether the trial court erred when it denied Delagrange's motion for directed verdict.[2] We reverse and remand.

On February 27, 2010, Delagrange, outfitted with video camera mounted to his shoe and controlled through an apparatus in his pants, traveled to Castleton Square Mall in Indianapolis. Once at the mall, Delagrange recorded images of the area beneath the skirts of several females, four of whom were minors. Delagrange's conduct triggered concern, and a store manager contacted an off-duty police officer. The officer approached Delagrange, who attempted to flee. Delagrange was immobilized with a taser and arrested. The State subsequently charged Delagrange with four counts of Class C felony attempted child exploitation, ten counts of Class D felony voyeurism,[3] and Class A misdemeanor resisting law enforcement.[4]

At the time Delagrange committed these acts, the voyeurism statute stated, in relevant part:

> (a) A person:
>     (1) who:
>         (A) peeps; or
>         (B) goes upon the land of another with the intent to peep;
>     into an occupied dwelling of another person; or
>     (2) who peeps into an area where an occupant of the area reasonably

---

[1] Ind. Code § 35-42-4-4 (child exploitation); Ind. Code § 35-41-5-1 (attempt).
[2] We held oral argument on November 27, 2012, in our Courtroom at the Indiana Statehouse. We commend counsel on the quality of their advocacy.
[3] Ind. Code § 35-45-4-5 (2005).
[4] Ind. Code § 35-44-3-3.

can be expected to disrobe, including:
    (A) restrooms;
    (B) baths;
    (C) showers; and
    (D) dressing rooms;
without the consent of the other person, commits voyeurism, a Class B misdemeanor.

Ind. Code § 35-45-4-5(a) (2005). After Delagrange committed these acts, the legislature amended Ind. Code § 35-45-4-5 to include a new crime, "public voyeurism." P.L. 75-2011, Sec. 1. That section provides: "A person who: (1) without the consent of the individual; and (2) with intent to peep at the private area of an individual; peeps at the private area of an individual and records an image by means of camera commits public voyeurism, a Class A misdemeanor." Ind. Code § 35-45-4-5(d) (2011).

The child exploitation statute states, in relevant part, "(b) A person who knowingly or intentionally: (1) manages, produces, sponsors, presents, exhibits, photographs, films, videotapes, or creates a digitized image of any performance or incident that includes **sexual conduct by a child** under eighteen (18) years of age . . . commits child exploitation, a Class C felony." Ind. Code § 35-42-4-4(b)(1) (emphasis added). "Sexual conduct" means:

sexual intercourse, deviate sexual conduct, exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person, sadomasochistic abuse, sexual intercourse or deviate sexual conduct with an animal, or any fondling or touching of a child by another person or of another person by a child intended to arouse or satisfy the sexual desires of either the child or the other person.

Ind. Code § 35-42-4-4(a)(4).

Due process prohibits Delagrange's convictions under the statutes that existed at the

3

time of his actions, though it appears similar acts in the future could be punished as public voyeurism. As the statutes in force when Delagrange committed his acts required conduct by the child, we are compelled to reverse his convictions and remand, as there was no evidence any of the minors were involved in the type of conduct required by the child exploitation statute.

## FACTS AND PROCEDURAL HISTORY

Delagrange moved to dismiss the voyeurism and attempted child exploitation charges. The parties stipulated to evidence into the record describing the events of February 27. The trial court dismissed the voyeurism charges, but not the attempted child exploitation charges. The trial court certified the partial denial of Delagrange's motion to dismiss for interlocutory appeal.

A panel of this court affirmed the denial of Delagrange's motion to dismiss the child exploitation charges, holding Delagrange's activity could fit within the statutory definition of sexual conduct. The case was remanded for trial.

Delagrange's case proceeded to jury trial. After the State presented its case in chief, Delagrange moved for a directed verdict. The trial court denied Delagrange's motion, and Delagrange testified on his own behalf. The jury returned a guilty verdict on the four Class C felony attempted child exploitation charges as well as on the Class A misdemeanor resisting law enforcement charge.[5] The trial court entered convictions and sentenced Delagrange to four years incarcerated with three years suspended to probation.

---

[5] Delagrange does not appeal his conviction of Class A misdemeanor resisting law enforcement.

4

**DISCUSSION AND DECISION**

At the close of the State's case, Delagrange requested a directed verdict. For a trial court to grant a motion for a directed verdict,

> there must be a total lack of evidence regarding an essential element of the crime, or the evidence must be without conflict and susceptible only to an inference in favor of the innocence of the defendant. If the evidence is sufficient to sustain a conviction upon appeal, then a motion for a directed verdict is properly denied; thus, our standard of review is essentially the same as that upon a challenge to the sufficiency of the evidence. We neither reweigh evidence nor judge witness credibility, but consider only the evidence that supports the conviction and the reasonable inferences to be drawn therefrom in order to determine whether there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt.

*Edwards v. State*, 862 N.E.2d 1254, 1262 (Ind. Ct. App. 2007) (citations omitted), *trans. denied*.

The State charged Delagrange with four counts of Class C felony attempted child exploitation based on incidents involving four girls under age eighteen. Each count had identical language, except for the age and name of the alleged victim. For example, Count I alleged:

> On or about February 27, 2010 David Delagrange did attempt to commit the felony of Child Exploitation that is to knowingly or intentionally produce and/or film and/or videotape and/or create a digitized image of a performance or incident that includes sexual conduct by a child under eighteen (18) years of age, to wit: 15 years of age, by engaging in conduct that constituted a substantial step toward the commission of said offense that is; attach a camera to his shoe and recorded video of the area under the skirt or dress of the child, who is [A.K.]

(App. at 131.) Delagrange does not dispute he "knowingly or intentionally sought to capture up-skirt photos of panties, boots, high heels, etc., of adult women," (Br. of Appellant at 11),

5

but argues the charging information does not allege he attempted to commit an act that could be considered "sexual conduct by a child."

The State argues this issue was decided as part of Delagrange's interlocutory appeal and, thus, is *res judicata*. The doctrine of *res judicata* bars litigation of a claim after a final judgment has been rendered in a prior action involving the same claim between the same parties. *Small v. Centocor, Inc*. 731 N.E.2d 22, 26 (Ind. Ct. App. 2000), *reh'g denied*. The doctrine exists to prevent repetitive litigation of the same issue. *Id*.

Delagrange's interlocutory appeal challenged the trial court's denial of his motion to dismiss the charges against him. In that appeal he argued "the facts, as pleaded in the charging information, do not constitute crimes of attempted child exploitation . . . [because] the statutory definition of 'sexual conduct' does not encompass his activity at the mall that day." *Delagrange*, 951 N.E.2d at 595. A divided panel of our court held the allegations in Delagrange's charging information, taken as true, "adequately state the elements of attempt and child exploitation." *Id*. The majority examined the statutory definition of "sexual conduct" pursuant to Ind. Code § 35-42-4-4(a), specifically the clause, "exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person." In addition, the majority analyzed the dictionary definition of the word "exhibition," and held it meant, "to show or display." *Delagrange*, 951 N.E.2d 595.

That panel did not, however, examine the implications of the clause "by a child" in the child exploitation statute, which is our focus in this opinion. As the opinion on interlocutory appeal did not address the portion of the statute at issue here, the issue herein is not *res*

6

*judicata.*[6]

The charging information follows the language of the child exploitation statute, which states in relevant part: "(b) A person who knowingly or intentionally: (1) manages, produces, sponsors, presents, exhibits, photographs, films, videotapes, or creates a digitized image of any performance or incident that includes **sexual conduct by a child** under eighteen (18) years of age . . . commits child exploitation, a Class C felony." Ind. Code § 35-42-4-4(b)(1) (emphasis added). "Sexual conduct" means:

> sexual intercourse, deviate sexual conduct, exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person, sadomasochistic abuse, sexual intercourse or deviate sexual conduct with an animal, or any fondling or touching of a child by another person or of another person by a child intended to arouse or satisfy the sexual desires of either the child or the other person.

Ind. Code § 35-42-4-4(a)(4).

> In support of his motion for a directed verdict, Delagrange argued:

> Judge, this statute, the child exploitation statute, is a statute for child pornography producers, directors. And this – this exhibition of the uncovered genitals – first of all, there has to be **an exhibition of the genitals by the person who is being photographed**. And then that – that exhibition then has to be digitized or created – either video or still camera.
> And that – those – those – the facts in this case don't apply to the statute. That's not what happened. There is nothing remotely close in the evidentiary chain that related to that statute.

---

[6] The standard of review for a motion to dismiss is different than for a directed verdict. Our standard of review for a motion to dismiss considers all the facts alleged in the information to be true, *State v. Bilbery*, 743 N.E.2d 796.798 (Ind. Ct. App. 2001): "[q]uestions of fact to be decided at trial . . . are not property raised by a motion to dismiss." *State v. Isaacs*, 794 N.E.2d 1120, 1122 (Ind. Ct. App. 2003). By contrast, our review of the denial of a directed verdict focuses on the evidence presented at trial. *See Edwards v. State*, 862 N.E.2d at 1262 (For a trial court to grant a motion for a directed verdict, "there must be a total lack of evidence regarding an essential element of the crime, or the evidence must be without conflict and susceptible only to an inference in favor of the innocence of the defendant.").

(Tr. at 196-97) (emphasis added). The trial court denied Delagrange's motion.

When interpreting statutes, we use the following standard:

The first step in interpreting a statute is to determine whether the Legislature has spoken clearly and unambiguously on the point in question. When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. Clear and unambiguous statutes leave no room for judicial construction. However when a statute is susceptible to more than one interpretation it is deemed ambiguous and thus open to judicial construction. And when faced with an ambiguous statute, other well-established rules of statutory construction are applicable. One such rule is that our primary goal of statutory construction is to determine, give effect to, and implement the intent of the Legislature. To effectuate legislative intent, we read the sections of an act together in order that no part is rendered meaningless if it can be harmonized with the remainder of the statute. We also examine the statute as a whole. And we do not presume that the Legislature intended language used in a statute to be applied illogically or to bring about an unjust or absurd result.

*City of Carmel v. Steele*, 865 N.E.2d 612, 618 (Ind. 2007). Neither party argues the language of the statute is ambiguous, and thus we apply the "plain, ordinary, and usual" meaning of the words and phrases in the statute.[7]

The portion of the child exploitation statute relevant to the instant appeal required the State to prove Delagrange attempted to photograph, film, videotape or created a digitized image of any performance or incident that includes sexual conduct, here the "exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person," Ind. Code § 35-42-4-4(a)(4), "**by a child** under eighteen (18) years of age." Ind. Code § 35-42-4-

---

[7] We agree with the dissent that the child exploitation statute is poorly written, making the intent thereof somewhat unclear. However, when the legislative intent of a statute is unclear, we must construe the statute against the State. *Smith v. State*, 675 N.E.2d 693, 697 (Ind. 1996).

4(b)(1) (emphasis added).  The phrasing of the statute demands the child be performing the sexual conduct, which herein required the child be exhibiting her uncovered genitals with the intent to satisfy someone's sexual desires.  Therefore, in order for Delagrange's attempt to commit child exploitation, each child must have been exhibiting her uncovered genitals with the intent to satisfy sexual desires.

The State presented no evidence the victims exhibited their genitals[8] or intended to satisfy anyone's sexual desire.  For those reasons, we hold the trial court should have directed a not guilty verdict because the State did not to present evidence to support the elements of Class C felony child exploitation.  Accordingly, we reverse Delagrange's four counts of Class C felony child exploitation and remand to the trial court for proceedings consistent with this opinion.

Reversed and remanded.

KIRSCH, J., concurs.

NAJAM, J., dissents with separate opinion.

---

[8] In fact, the evidence indicates Delagrange filmed the victims on a winter day and all of the captured images were of pantyhose, leggings, boots, and panties.

9

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID DELAGRANGE,         )
                             )
     Appellant-Petitioner,     )
                             )
         vs.               )     No. 49A04-1203-CR-144
                             )
STATE OF INDIANA,         )
                             )
     Appellee-Respondent.    )

---

**NAJAM, Judge, dissenting**

I respectfully dissent. I would hold that the law of the case doctrine bars Delagrange's attempt to relitigate an issue that this court squarely addressed in Delagrange v. State, 951 N.E.2d 593 (Ind. Ct. App. 2011) ("Delagrange I"), trans. denied. As we explained in Indiana-Kentucky Electric Corporation v. Save the Valley, Inc., 953 N.E.2d 511, 517-18 (Ind. Ct. App. 2011):

> The law of the case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts. Murphy v. Curtis, 930 N.E.2d 1228, 1234 (Ind. Ct. App. 2010); see also Pepper v. United States, ─── U.S. ───, (2011) ("[A]s most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). The purpose of the doctrine is to minimize unnecessary relitigation of legal issues once they have been resolved by an appellate court. Murphy, 930 N.E.2d at 1234. This doctrine is based upon the sound policy that once an

issue is litigated and decided, that should be the end of the matter. Id. To invoke this doctrine, the matters decided in the earlier appeal must clearly appear to be the only possible construction of an opinion. Id. Thus, questions not conclusively decided in the earlier appeal do not become the law of the case. Id.

Indiana has applied this doctrine in its strictest sense and has resisted creating exceptions to the strict application of the doctrine. Ind. Farm Gas Prod. Co. v. S. Ind. Gas & Elec. Co., 662 N.E.2d 977, 981 (Ind. Ct. App. 1996), trans. denied. In fact, Indiana courts have held numerous times that the law of the case must be followed even when the earlier decision is deemed to be incorrect. Id. A court, however, may revisit its prior decision under extraordinary circumstances, such as when there is a significant change in the substantive law. Id.

In Delagrange I, Delagrange appealed the trial court's denial of his motion to dismiss wherein he alleged that "the facts, as pleaded in the charging information, do not constitute crimes of attempted child exploitation." 951 N.E.2d at 595. In particular, Delagrange's motion to dismiss included the following argument:

[A]ssuming for purposes of this Motion only . . . that the factual allegations against Defendant are true, Defendant did not commit the crime of Attemt[ed] Child Exploitation.

The foundational requirement for a violation of I.C. § 35-42-4-4 is "sexual conduct." "Sexual conduct" means sexual intercourse, deviate sexual conduct, exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person, sado-masochistic abuse, sexual intercourse or deviate sexual conduct with an animal, or any fondling or touching of a child by another person or of another person by a child intended to arouse or satisfy the sexual desires of either the child or the other person.

Here, as with the voyeurism counts, the State's evidence consists of the same up-skirt or "panty shot" footage, namely that of fully clothed and unwitting females in a shopping mall. . . .

The Child Exploitation statute applies to people who knowingly or intentionally produce or trade in child pornography and it does not apply to misguided individuals in search of "panty shots" at the Mall. While the

11

alleged conduct here is not something that should be condoned, not all irresponsible behavior is criminal conduct that rises to the level requiring punishment through the penal code.

Appellant's App. at 75-76 (emphasis added). Because Delagrange assumed, for purposes of his motion to dismiss, that the facts as alleged by the State were true, the posture of this appeal, following a jury trial, is essentially the same as that of the first appeal. In other words, we are merely asked to reexamine whether the facts as alleged in the information, and which are supported by the evidence presented at trial, constitute the crime of child exploitation.

As we observed in Delagrange I,

[f]or each count [of attempted child exploitation], the State alleges that Delagrange "engage[d] in conduct that constituted a substantial step towards" the offense of "knowingly or intentionally produc[ing] and/or creat[ing] and/or film[ing] and/or videotap[ing] and/or [creating a] digitized image of a performance or incident that includes sexual conduct by a child under eighteen (18) years of age" by using his shoe camera to "record[] video of the area under the skirt or dress of the child, . . ."

951 N.E.2d at 595. And we held that "[t]hese allegations adequately state the elements of attempt and child exploitation." Id.

In particular, in his appeal from the denial of his motion to dismiss, Delagrange challenged only one facet of the definition of "sexual conduct," namely, whether his conduct constituted "exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person. . . ." Id. Delagrange asserted that "based on the facts as alleged, '[n]o one attempted to do anything to exhibit exposed genitals.'" Id. In addressing this argument, we turned to the American Heritage Dictionary of the English Language, which defines

12

"exhibit" as "to show or display." Id. And we held that, "[i]f Delagrange had taken photographs of uncovered genitals under the alleged victims' skirts or dresses, then he would have shown or displayed them as a digital image. Delagrange's behavior is sufficient to constitute an attempted exhibition as described by statute." Id. (emphasis added).

In this appeal after his convictions, Delagrange alleges that the State presented insufficient evidence to show that he knowingly or intentionally captured a performance or incident that included sexual conduct by a child as charged in the information. In particular, he directs us to evidence showing that he did not exhibit the uncovered genitalia of any of his minor victims. And he contends that any inference that he was attempting to find uncovered genitalia in his quest is "unreasonable." Brief of Appellant at 18. But his argument in support of that contention ignores the fact that he was charged with and convicted of attempted child exploitation. And, again, this court squarely rejected this argument in Delagrange I.

The majority reexamines the element of "sexual conduct by a child" and concludes that it

> demands the child be performing the sexual conduct, which herein required the child be exhibiting her uncovered genitals with the intent to satisfy someone's sexual desires. Therefore, in order for Delagrange's attempt to commit child exploitation, each child must have been exhibiting her uncovered genitals with the intent to satisfy sexual desires.

Slip op. at 9 (emphasis added).

First, again, I would hold that the law of the case doctrine precludes such a reconsideration of the relevant statutory language. But, second, the child exploitation statute

13

cannot be interpreted to require that a child be an <u>active participant</u> in the exhibition of her genitals or that <u>the child</u> have the intent to satisfy sexual desires. Such an interpretation improperly focuses the elements of the crime on the actions of the child and undermines the very foundation of the statute, which was designed to protect children. Indeed, the statute protects the very young, including infants and toddlers, who have no awareness of what sexual desires are, as well as children of all ages who are drugged or otherwise unwittingly manipulated by a perpetrator. So I cannot agree that "sexual conduct by a child" mandates any active participation whatsoever by a child. To the contrary, and as we have already held, only the perpetrator need "show or display" the uncovered genitals of a minor child for the sexual desires <u>of any person</u>. See <u>Delagrange I</u>, 951 N.E.2d at 595.

In sum, the law of the case doctrine precludes our consideration of the issues raised in this appeal. And, to the extent that the majority reads the child exploitation statute to require a child victim to actively participate in the sexual conduct element of the crime, I disagree. While the statute may not be well-drafted, the legislature cannot have intended that interpretation. See <u>State ex rel. Hatcher v. Lake Superior Court, Room Three</u>, 500 N.E.2d 737, 739 (Ind. 1986) (observing that "[u]nder our rules of statutory construction, it cannot be presumed the General Assembly intended language used in a statute to be applied in an illogical manner.") Such an interpretation undermines the goal of the statute, which is to criminalize the exploitation of child victims. For these reasons, I would affirm Delagrange's convictions for attempted child exploitation.

14