NAJAM, Judge,
dissenting.
I respectfully dissent. I would hold that the law of the case doctrine bars Dela-grange’s attempt to relitigate an issue that this court squarely addressed in Delagrange v. State, 951 N.E.2d 593 (Ind.Ct.App.2011) (“Delagrange I ”), trans. denied. As we explained in Indiana-Kentucky Electric Corporation v. Save the Valley, Inc., 953 N.E.2d 511, 517-18 (Ind.Ct.App.2011):
The law of the case doctrine provides that an appellate court’s determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts. Murphy v. Curtis, 930 N.E.2d 1228, 1234 (Ind.Ct.App.2010); see also Pepper v. United States, — U.S.-, 131 S.Ct. *1233 1229,179 L.Ed.2d 196 (2011) (“[A]s most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.”). The purpose of the doctrine is to minimize unnecessary relitigation of legal issues once they have been resolved by an appellate court. Murphy, 930 N.E.2d at 1284. This doctrine is based upon the sound policy that once an issue is litigated and decided, that should be the end of the matter. Id. To invoke this doctrine, the matters decided in the earlier appeal must clearly appear to be the only possible construction of an opinion. Id. Thus, questions not conclusively decided in the earlier appeal do not become the law of the case. Id.
Indiana has applied this doctrine in its strictest sense and has resisted creating exceptions to the strict application of the doctrine. Ind. Farm Gas Prod. Co. v. S. Ind. Gas & Elec. Co., 662 N.E.2d 977, 981 (Ind.Ct.App.1996), trans. denied. In fact, Indiana courts have held numerous times that the law of the ease must be followed even when the earlier decision is deemed to be incorrect. Id. A court, however, may revisit its prior decision under extraordinary circumstances, such as when there is a significant change in the substantive law. Id.
In Delagrange I, Delagrange appealed the trial court’s denial of his motion to dismiss wherein he alleged that “the facts, as pleaded in the charging information, do not constitute crimes of attempted child exploitation.” 951 N.E.2d at 595. In particular, Delagrange’s motion to dismiss included the following argument:

[AJssuming for purposes of this Motion only ... that the factual allegations against Defendant are true, Defendant did not commit the crime of Attempted] Child Exploitation.

The foundational requirement for a violation of I.C. § 35-42-4-4 is “sexual conduct.” “Sexual conduct” means sexual intercourse, deviate sexual conduct, exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person, sado-masochistic abuse, sexual intercourse or deviate sexual conduct with an animal, or any fondling or touching of a child by another person or of another person by a child intended to arouse or satisfy the sexual desires of either the child or the other person.
Here, as with the voyeurism counts, the State’s evidence consists of the same up-skirt or “panty shot” footage, namely that of fully clothed and unwitting females in a shopping mall....
The Child Exploitation statute applies to people who knowingly or intentionally produce or trade in child pornography and it does not apply to misguided individuals in search of “panty shots” at the Mall. While the alleged conduct here is not something that should be condoned, not all irresponsible behavior is criminal conduct that rises to the level requiring punishment through the penal code.
Appellant’s App. at 75-76 (emphasis added). Because Delagrange assumed, for purposes of his motion to dismiss, that the facts as alleged by the State were true, the posture of this appeal, following a jury trial, is essentially the same as that of the first appeal. In other words, we are merely asked to reexamine whether the facts as alleged in the information, and which are supported by the evidence presented at trial, constitute the crime of child exploitation.
As we observed in Delagrange I,
[f]or each count [of attempted child exploitation], the State alleges that Dela- *1234 grange “engage[d] in conduct that constituted a substantial step towards” the offense of “knowingly or intentionally produc[ing] and/or creating] and/or film[ing] and/or videotap[ing] and/or [creating a] digitized image of a performance or incident that includes sexual conduct by a child under eighteen (18) years of age” by using his shoe camera to “record! ] video of the area under the skirt or dress of the child, ...”
951 N.E.2d at 595. And we held that “[t]hese allegations adequately state the elements of attempt and child exploitation.” Id.
In particular, in his appeal from the denial of his motion to dismiss, Delagrange challenged only one facet of the definition of “sexual conduct,” namely, whether his conduct constituted “exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person ....” Id. Delagrange asserted that “based on the facts as alleged, ‘[n]o one attempted to do anything to exhibit exposed genitals.’ ” Id. In addressing this argument, we turned to the American Heritage Dictionary of the English Language, which defines “exhibit” as “to show or display.” Id. And we held that, “[i]f Delagrange had taken photographs of uncovered genitals under the alleged victims’ skirts or dresses, then he would have shown or displayed them as a digital image. Delagrange’s behavior is sufficient to constitute an attempted exhibition as described by statute.” Id. (emphasis added).
In this appeal after his convictions, De-lagrange alleges that the State presented insufficient evidence to show that he knowingly or intentionally captured a performance or incident that included sexual conduct by a child as charged in the information. In particular, he directs us to evidence showing that he did not exhibit the uncovered genitalia of any of his minor victims. And he contends that any inference that he was attempting to find uncovered genitalia in his quest is “unreasonable.” Brief of Appellant at 18. But his argument in support of that contention ignores the fact that he was charged with and convicted of attempted child exploitation. And, again, this court squarely rejected this argument in Delagrange I.
The majority reexamines the element of “sexual conduct by a child” and concludes that it
demands the child be performing the sexual conduct, which herein required the child be exhibiting her uncovered genitals with the intent to satisfy someone’s sexual desires. Therefore, in order for Delagrange’s attempt to commit child exploitation, each child must have been exhibiting her uncovered genitals with the intent to satisfy sexual desires.
Op. at 1232 (emphasis added).
First, again, I would hold that the law of the case doctrine precludes such a reconsideration of the relevant statutory language. But, second, the child exploitation statute cannot be interpreted to require that a child be an active participant in the exhibition of her genitals or that the child have the intent to satisfy sexual desires. Such an interpretation improperly focuses the elements of the crime on the actions of the child and undermines the very foundation of the statute, which was designed to protect children. Indeed, the statute protects the very young, including infants and toddlers, who have no awareness of what sexual desires are, as well as children of all ages who are drugged or otherwise unwittingly manipulated by a perpetrator. So I cannot agree that “sexual conduct by a child” mandates any active participation whatsoever by a child. To the contrary, and as we have already held, only the perpetrator need “show or display” the uncovered genitals of a minor child for the sexual desires of any person. See Delagrange I, 951 N.E.2d at 595.
*1235 In sum, the law of the case doctrine precludes our consideration of the issues raised in this appeal. And, to the extent that the majority reads the child exploitation statute to require a child victim to actively participate in the sexual conduct element of the crime, I disagree. While the statute may not be well-drafted, the legislature cannot have intended that interpretation. See State ex rel. Hatcher v. Lake Superior Court, Room Three, 500 N.E.2d 737, 739 (Ind.1986) (observing that “[u]nder our rules of statutory construction, it cannot be presumed the General Assembly intended language used in a statute to be applied in an illogical manner.”) Such an interpretation undermines the goal of the statute, which is to criminalize the exploitation of child victims. For these reasons, I would affirm Dela-grange’s convictions for attempted child exploitation.