Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 08 2013, 5:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS F. LITTLE**
Power, Little, Little, & Little
Frankfort, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JASON FRYE, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 12A04-1301-CR-16 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE CLINTON CIRCUIT COURT
The Honorable Linley E. Pearson, Judge
Cause No. 12C01-1109-FD-233

**October 8, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Jason Frye ("Frye") was convicted in Clinton Circuit Court of six counts of Class D felony possession of child pornography. Frye now appeals and raises five issues, which we reorder and restate as follows:

I.    Whether the trial court abused its discretion in admitting four-inch by six-inch prints of photographs recovered from Frye's cell phone with a 3.2-inch screen;

II.   Whether the trial court abused its discretion in admitting evidence of Frye's battery of his girlfriend;

III.  Whether the trial court abused its discretion in admitting evidence of Frye's failure to pay child support;

IV.   Whether the State presented sufficient evidence to support Frye's conviction; and

V.    Whether the trial court properly instructed the jury on its duty to reconcile evidence based on a presumption of innocence.

We affirm.

**Facts and Procedure**

On the morning of May 4, 2011, Frye was asleep at the apartment of his girlfriend, Letisha Jones ("Jones"), with whom he has an infant daughter. While Frye was asleep, Jones began to look through the contents of Frye's cell phone and soon discovered photographs of young nude girls who appeared to range in age from about three years old to about twelve years old. Jones took the phone into the bedroom where Frye was sleeping, threw the phone at him, and demanded that he leave the apartment. At first, Frye denied knowledge of the photographs, but then he apologized and pleaded with Jones, saying that he was "sick" and "needed help." Tr. p. 67. When Jones tried to leave the apartment, Frye seized her keys, broke her cell phone, and pushed her down.

2

Eventually, Jones left the apartment with their infant daughter. A friend drove her to the Frankfort Police Station. There, Jones reported to Officer Gene Watchbaugh that she had been injured by Frye and completed a battery affidavit. She also described the photographs she had discovered on Frye's cell phone. Later that day, Officer Watchbaugh arrested Frye outside of the apartment building where he and Jones lived. When Frye was booked into jail, his cell phone and the rest of his personal property were placed in storage.

After Officer Watchbaugh obtained a search warrant for the phone, Frankfort Police Detective Eric Booth searched the phone but found no photographs. He did discover, however, that at least three Internet searches for free legal advice had been performed from the phone's web browser. Detective Booth then contacted Kokomo Police Detective Jeffrey Catt, an expert on computer forensics. After examining the cell phone, Detective Catt recovered approximately eighty deleted images that he believed were child pornography.

The State charged Frye with six counts of Class D felony possession of child pornography, based on the deleted but recovered images. Frye pleaded not guilty. A jury trial was held on November 13, 2012. At trial, the court admitted four-inch by six-inch prints of thirty of the digital images taken from Frye's cell phone. These thirty photographs were the grounds for the six charges of possession of child pornography brought against Frye. Defense counsel objected to the admission of the prints, arguing that the sizes of the prints were much larger than the sizes of the images as they would

3

have appeared on Frye's 3.2-inch cell phone screen.[1] The trial court overruled counsel's objection, determining that distributing the prints to the jury was the only practical way to allow the jury to view the photographs.[2]

The trial court also admitted into evidence the battery affidavit signed by Jones and two photographs depicting injuries alleged to result from Frye's battery of Jones. Defense counsel offered no objection to the admission of this evidence. During cross-examination, the State questioned Frye about his failure to pay child support. Defense counsel objected to this line of questioning.

Frye was convicted on all six counts of possession of child pornography and sentenced to concurrent terms of three years imprisonment with all but six months suspended. Frye now appeals.

## I. Admission of Enlarged Photographs

The admission of evidence falls within the sound discretion of the trial court. Swingley v. State, 739 N.E.2d 132, 133 (Ind. 2000). Therefore, we review the admission of evidence for abuse of discretion. Id. A trial court abuses its discretion when its "decision is clearly against the logic and effect of the facts and circumstances[.]" State v. Lloyd, 800 N.E.2d 196, 198 (Ind. Ct. App. 2003). Relevant evidence may be excluded

---

[1] At trial, defense counsel stated, "[m]y objection, Judge, to the photographs that [the State] proposes to give to the jury is that they're enormous compared to what's on the telephone … when you start addressing the question of intent to arouse or satisfy sexual desires … an inch by an inch or an inch by two inches are just different things." Tr. p. 116.

[2] Defense counsel proposed that the jury be permitted to take Frye's cell phone to the jury room and examine the photographs as they appeared on the cell phone screen. The trial court determined that this method would be impractical, since the photographs had been deleted and forensic tools would be required to access them on the phone. Tr. pp. 118-19. The court also noted that if the jurors viewed the photographs on the phone, rather than as prints, they would have access to dozens of photographs other than those on which the State based its charges. Tr. pp. 122-23.

only if its probative value is substantially outweighed by the danger of unfair prejudice. Swingley, 739 N.E.2d at 133.

Frye argues that the trial court erred when it admitted four-inch by six-inch prints of the photographs taken from his cell phone when the images as viewed on his phone screen measured 3.2 inches diagonally. He asserts:

> By the State adding size to the pictures, they distorted the original product and presented a fabricated version of the evidence to the jury. Larger pictures of any type of pornography have the ability to invoke more stimulus, sexual arousal and desires from any one person. These larger photos were improperly given to the jury for them to decide if they meet the statutory definition of child pornography and sexual conduct.

Appellant's Br. at 5.

First, we note that Frye fails to provide any statement of the applicable standard of review.[3] Therefore, Frye has waived this argument on appeal. See Jackson v. State, 758 N.E.2d 1030, 1037 (Ind. Ct. App. 2001) (noting that failure to comply with Indiana Code Appellate Rule 46(A)(8)(b), which requires that an appellant's brief include a statement of the applicable standard of review for each issue, results in waiver of that issue for appellate review).

Waiver notwithstanding, we disagree with Frye's assertion that the trial court erred in admitting the enlarged prints of the photographs. As a general rule, if the enlargement of a photograph causes the photograph to be distorted or misleading, admission of the enlargement may constitute an abuse of discretion by the trial court. See Howard v. State, 264 Ind. 275, 281, 342 N.E.2d 604, 608 (1976); Marlow v. Davis, 227 Md. 204, 176 A.2d 215 (1961) (holding that exclusion of enlargements of photographs of accident

---

[3] In his reply brief, Frye incorrectly characterizes the standard of review for rulings on the admission of evidence as de novo.

scene was not an abuse of discretion where enlargements excluded injured child from picture, although he was depicted in the original). However, in this case, the prints provided to the jury were the smallest printed image size available, and the suggestion of Frye's counsel that Frye's cell phone be submitted to the jury to view the photos that had been deleted from it was not a viable alternative. There is no evidence that the prints were enlarged in a way that distorted or altered the original image. See Arlton v. Schraut, 936 N.E.2d 831 (Ind. Ct. App. 2010) (holding that enlarged copies of andiogram photographs were admissible where copies were merely enlarged prints of smaller images already in evidence, enlarged photographs had not been altered in any other way, and expert witness testified that enlargements accurately depicted the digital images already admitted). Furthermore, the trial court took steps to cure any misperception by the jury by instructing the jury that the prints were larger than the images that would be visible on Frye's cell phone screen. Therefore, waiver notwithstanding, we conclude that the trial court did not abuse its discretion when it admitted four-inch by six-inch prints of the images taken from Frye's cell phone.

## II. Admission of Evidence of Frye's Battery of Jones

Frye argues that the trial court improperly admitted the affidavit alleging that Frye battered Jones and photographs of Jones' injuries resulting from the battery. Although Frye failed to object to the evidence when it was offered at trial, he now claims that the evidence was improperly admitted because it is unfairly prejudicial. Appellant's Br. at 11.

A claim that the trial court abused its discretion in admitting evidence may be presented on appeal only where there is a timely trial objection stating the specific ground of objection. Ind. Evidence Rule 103(a)(1). By failing to object to the evidence now challenged, Frye denied the trial court the opportunity to make a final ruling on the matter in the context in which the evidence was introduced. Consequently, Frye has failed to preserve the right to claim evidentiary error on appeal. See Raess v. Doescher, 883 N.E.2d 790, 796-97 (Ind. 2008).

We further note that Frye has again failed to provide a statement of the standard of review, thus waiving this argument on appeal. In his reply brief, Frye incorrectly designates the standard of review as "plain error." Appellant's Reply Br. at 4.

Waiver notwithstanding, Frye's claim of error fails. Pursuant to Indiana Evidence Rule 404(b), evidence of prior bad acts may be admissible for purposes "such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Here, evidence of Frye's battery of Jones is admissible to show Frye's *mens rea* with regard to the crime of possession of child pornography. Frye's reaction to Jones' discovery of the photographs on his cell phone, his declaration that he needed "help" and his subsequent battery of Jones, is indicative of knowledge of the sexual nature of the photographs and of their illegality. See Dean v. State, 901 N.E.2d 648 (Ind. Ct. App. 2009) (holding that evidence of defendant's assault of informant was admissible to show defendant's guilty knowledge or cognizance of guilt). Thus, the trial court did not abuse its discretion in admitting evidence of the battery.

### III. Admission of Evidence of Frye's Failure to Pay Child Support

Frye also complains that the trial court improperly admitted evidence of his failure to pay child support for his infant daughter with Jones, arguing that the danger of unfair prejudice substantially outweighed the probative value of the evidence. We agree. However, even if the trial court erred in admitting evidence of Frye's failure to pay child support, the error was harmless. An error is harmless if there is "substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction." Turner v. State, 953 N.E.2d 1039, 1059 (Ind. 2011). "Generally, errors in the admission of evidence are to be disregarded unless they affect the substantial rights of a party." Id.

Here, there was substantial independent evidence of guilt supporting Frye's conviction such that we are satisfied that any error in the admission of evidence regarding Frye's failure to pay child support was harmless. The State presented evidence that Frye possessed thirty images of nude children. The photographs were discovered by Frye's girlfriend and later seized from his cell phone by law enforcement. The State also presented evidence that Frye admitted that he was "sick" and "needed help" after Jones confronted him about the photos and that he attempted to remove the photos from his phone. Tr. pp. 67, 144. Given this evidence, we cannot say that the evidence of Frye's failure to pay child support contributed to his conviction or affected his substantial rights. Therefore, the error was harmless.

## IV. Sufficiency of Evidence

It appears that Frye's next argument is that the jury reached a verdict that was not supported by the evidence.[4]  He claims:

> The jury improperly came to the conclusion that the pictures found on the Defendant's phone met the criteria for child pornography through depiction of sexual conduct.  Therefore, the Trial Court's decision should be reversed as the photographs on the Defendant's phone are not child pornography as prescribed by I.C. § 35-42-4-4.

Appellant's Br. at 7.

Upon a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses.  McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005).  Instead, we consider only the probative evidence supporting the conviction and the reasonable inferences to be drawn therefrom.  Id.  If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then we will not disturb the verdict.  Baumgartner v. State, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008).

Here, Frye again fails to provide any statement setting forth the appropriate standard of review and cites to no relevant legal authority.[5]  Therefore, pursuant to Indiana Appellate Rule 46(A)(8), Frye waives this argument on appeal.  See Hollowell v.

---

[4]  In his reply brief, Frye inexplicably frames this argument as an admission of evidence issue and names the standard of review as de novo.  Appellant's Reply Br. at 3.

5  The sole case on which Frye relies has been vacated and therefore is no longer legal authority.  Delagrange v. State, 981 N.E.2d 1227 (Ind. Ct. App. 2013) transfer granted, opinion vacated, 986 N.E.2d 819 (Ind. 2013).  Frye also includes no statement of the standard of review in the Appellant's Brief.  In his reply brief, Frye incorrectly denotes the standard of review as de novo.  Appellant's Reply Br. at 3.

9

State, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999) (providing that failure to support each contention with citation to relevant legal authority results in waiver of that issue on appeal); see also Jackson, 758 N.E.2d at 1037.

Waiver notwithstanding, Frye still does not prevail. Indiana Code § 35-42-4-4(c) defines Class D felony possession of child pornography as knowingly or intentionally possessing

> a picture, a drawing, a photograph, a negative image, undeveloped film, a motion picture, a videotape, a digitized image, or any pictorial representation that depicts or describes sexual conduct by a child who the person knows is less than eighteen (18) years of age or who appears to be less than eighteen (18) years of age, and that lacks serious literary, artistic, political, or scientific value[.]

"Sexual conduct" is defined, in relevant part, as "sexual intercourse; deviate sexual conduct; *exhibition of the uncovered genitals or female breast* with less than a fully opaque covering of any part of the nipple; intended to satisfy or arouse the sexual desires of any person." Ind. Code § 35-42-4-4(a)(4) (emphasis added).

Frye argues that the photographs seized from his cell phone did not depict "sexual conduct" within the meaning contemplated by § 35-42-4-4(a)(4). More specifically, he claims, "[f]or pictures to be intended to satisfy or arouse sexual desires, the person or persons in the photographs would need to pose in such a manner that would solicit sexual motivation from the viewer." Appellant's Br. at 7. To support his argument, Frye cites Delagrange v. State, where this court held that the statute's definition of "sexual conduct" requires that "the child be exhibiting her uncovered genitals with the intent to satisfy someone's sexual desires." 981 N.E.2d 1227, 1232 (Ind. App. 2013) ("Delagrange II"), transfer granted, opinion vacated. Frye asserts that since the State cannot prove that the

10

children depicted in the photos taken from his cell phone intended to cause sexual arousal, the evidence was insufficient to support his conviction.

We disagree. The sole authority on which Frye relies, Delagrange II, is no longer good law. On April 18, 2013, approximately three weeks before Frye filed his appellate brief, our supreme court granted transfer of Delagrange II, thus vacating the opinion.[6] Delagrange v. State, 986 N.E.2d 819 (Ind. 2013).

We reject Frye's invitation to interpret the child exploitation statute to require that a child victim "intentionally try[] to pose in sexually arousing positions" to support a conviction. Appellant's Br. at 7. As we held in Delagrange v. State, 951 N.E.2d 593, 595 (Ind. Ct. App. 2011) ("Delagrange I"), trans. denied., only the perpetrator need "show or display" the uncovered genitals of a minor child for the sexual desires of any person. The child exploitation statute cannot be interpreted to require that a child be an active participant in the exhibition of her genitals or that the child have the intent to satisfy sexual desires. Such an interpretation improperly focuses the elements of the crime on the actions of the child and undermines the very foundation of the statute, which was designed to protect children.

In the case before us, Frye's photographs depicted the exposed genitalia of young girls who were plainly younger than eighteen years old. Frye's reaction after Jones discovered the photographs, telling her that he was a sick man and needed help, pushing her down, and deleting the images soon thereafter, is sufficient evidence to support the

---

[6] We admonish counsel to correctly indicate the procedural status of all cited cases.

11

conclusion that Frye possessed the images with the intent to arouse or satisfy his sexual desires and that Frye knew that his possession of the images was illegal.

For all of these reasons, we conclude that the State presented sufficient evidence to support Frye's conviction, notwithstanding Frye's waiver of the issue.

## V. Jury Instruction

Finally, Frye argues that the trial court erred by refusing to deliver the following jury instruction tendered by his counsel:

> If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the Defendant, and the other to his innocence, it is your duty, under the law to adopt that interpretation which is consistent with the Defendant's innocence, and reject that which points to his guilt.

Appellant's Br. at 8.

A reading of the transcript of the trial court proceedings, however, indicates that the trial court did in fact deliver the instruction requested by Frye, with no material variation, and nearly word for word. Tr. p. 253. Therefore, Frye's argument concerning the instruction at issue is moot.

## Conclusion

The trial court did not abuse its discretion in admitting four-inch by six-inch prints of the images discovered on Frye's cell phone, nor did it abuse its discretion in admitting evidence of Frye's battery of his girlfriend. The trial court's admission of evidence as to Frye's failure to pay child support was harmless error. The State presented sufficient evidence to support Frye's conviction, and the trial court properly instructed the jury.

Affirmed.

NAJAM, J., and BROWN, J., concur.