**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 09 2013, 8:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ZACHARY A. WITTE**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTONIO L. FREELING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  02A05-1210-CR-556 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT, CRIMINAL DIVISION
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D06-1206-FC-206

**April 9, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, appellant-defendant Antonio L. Freeling appeals his conviction for Robbery,[1] a class C felony, challenging the sufficiency of the evidence claiming that he was not positively identified as the perpetrator. Freeling also claims that an eight-year sentence was inappropriate when considering the nature of the offense and his character.

The evidence establishes that Freeling was the robber. In light of twelve prior felony convictions and thirteen misdemeanor convictions that Freeling has amassed, we conclude that the sentence was not inappropriate. Thus, we affirm the judgment of the trial court.

FACTS

On June 6, 2012, seventy-nine-year-old Lucy Cucinelli drove from her home in Fort Wayne to a local Kroger Grocery Store. As Cucinelli was loading groceries into her vehicle, Freeling approached her from behind with his hand in his pocket and threatened to shoot her if she did not give him her purse. Cucinelli pulled some money from her purse and handed it to Freeling, whereupon he demanded Cucinelli's "money card." Tr. p. 94. After Cucinelli denied having such a card, Freeling started to walk away and instructed Cucinelli to "look in her car," or he would shoot her. Id. at 95.

Cucinelli finished putting the groceries in her vehicle. She was too afraid to go back into Kroger to report the crime, so she drove home and telephoned the store manager. At the manager's suggestion, Cucinelli called the police. Officer Charles Volz drove to Cucinelli's residence and noticed that she was "upset and trembling." Tr. p.

---

[1] Ind. Code § 35-42-5-1.

117. Cucinelli told Officer Volz about the robbery and provided him with a description of the robber. Thereafter, Officer Volz requested that a detective be sent to Cucinelli's residence.

Detective Scott Tegtmeyer arrived at Cucinelli's residence and interviewed her. He then went to the Kroger store and viewed the surveillance videos and observed Freeling walk from his vehicle into the store and make a purchase at the self-service checkout, using either a credit or debit card. In the video, Freeling matched the description of the robber given by Cucinelli.

Two photographs were taken from the video that showed Freeling walking into the store. Tr. p. 127-28. Detective Tegtmeyer emailed those photos to other officers, asking whether they recognized the individual in the photographs. One officer responded that the man looked like a person named "Mark Brooks." Tr. p. 130. In response, Detective Tegtmeyer compiled a photo array that included Brooks's picture, but not Freeling's. Thus, when Cucinelli was shown the photos, she did not identify her assailant.

Detective Tegtmeyer subsequently received information about the credit card that Freeling had used at Kroger. After Freeling was identified from that information, Detective Tegtmeyer prepared another photo array that included Freeling's picture. Cucinelli viewed the array and excluded all of the possible suspects except for two—one of whom was Freeling. Cucinelli stated that she "did not want to put the wrong man in jail." Tr. p. 31.

On June 24, 2012, Detective Tegtmeyer interviewed Freeling. At some point, Freeling admitted that he was the individual in the photos, was remorseful, and wanted to apologize to Cucinelli for robbing her.

On June 27, 2012, Freeling was charged with robbery, a class C felony. Following a jury trial on September 18, 2012, Freeling was found guilty as charged and was subsequently sentenced to eight years of incarceration. He now appeals.

DISCUSSION AND DECISION

I. Sufficiency of the Evidence

Freeling claims that the evidence was insufficient to support his conviction for robbery. Specifically, Freeling contends that his conviction must be vacated because Cucinelli was "unable to identify him in court and could not positively identify him in a photo array." Appellant's Br. p. 9.

In reviewing sufficiency of the evidence claims, we will not reweigh the evidence or assess the credibility of witnesses. Delagrange v. State, 981 N.E.2d 1227, 1230 (Ind. Ct. App. 2013). We will consider only the evidence most favorable to the judgment, together with all reasonable and logical inferences to be drawn therefrom. Id. The conviction will be affirmed if there is substantial evidence of probative value to support the conviction. Id.

Under Indiana Code section 35-42-5-1, "[a] person who knowingly or intentionally takes property from another person or from the presence of another person:

4

(1) by using or threatening the use of force on any person; or (2) by putting any person in fear; commits robbery, a Class C felony."

In this case, Cucinelli observed Freeling while he was in her presence and provided this information to the police. Tr. p. 120. When Detective Tegtmeyer showed Cucinelli the photographic array that included Freeling's photograph, Cucinelli selected Freeling and another man as the possible robber. Id. at 98-99, 134-35. As noted above, Cucinelli stated that she was not sure and "did not want to put the wrong man in jail." Id. at 99, 135. Any uncertainty that Cucinelli had goes only to the weight of her testimony. Gleaves v. State, 859 N.E.2d 766, 770 (Ind. Ct. App. 2007).

The evidence further established that Detective Tegtmeyer went to the Kroger store after speaking with Cucinelli and watched the surveillance videos. He saw Freeling arrive on the morning of the robbery, enter the store, make a purchase using a credit or debit card, and return to his vehicle. Tr. p. 126-29. He then observed Freeling walk over to Cucinelli while she was loading groceries into her car. Id. at 128. Freeling remained briefly in Cucinelli's presence, returned to his vehicle, and then drove away. Id.

Detective Tegtmeyer was able to determine the transaction that Freeling made and obtained the credit card number that Freeling used. He then obtained Freeling's identifying information and address from the credit card company. Id. at 132-33. Finally, as discussed above, Freeling admitted to Detective Tegtmeyer that he had robbed Cucinelli and wanted to apologize to her. Id. at 141.

In light of this evidence, Freeling's challenge to the sufficiency of the evidence is a request for us to reweigh the evidence and rejudge the credibility of the witnesses, which we will not do. McHenry v. State, 820 N.E.2d 124, 126-27 (Ind. 2005). Based on the evidence presented at trial, we conclude that the evidence was sufficient to support Freeling's robbery conviction.

## II. Sentencing

Freeling next claims that his sentence was inappropriate when considering the nature of the offense and his character. Specifically, Freeling argues that neither the nature of the offense nor his character is among the "worst of the worst." Appellant's Br. p. 13. Thus, Freeling requests that we revise his sentence to the advisory term of four years for a class C felony.[2]

Under Appellate Rule 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, it is determined that the sentence is inappropriate in light of the nature of the offense and the character of the offender. "[W]hether we regard a sentence as appropriate . . . turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The question is not whether another sentence would be more appropriate; rather, the issue is whether the sentence imposed was inappropriate.

---

[2] The sentencing range for a class C felony is between two and eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6.

6

Steinberg v. State, 941 N.E.2d 515, 535 (Ind. Ct. App. 2011), trans. denied. The burden is on the defendant to persuade us that the sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

As for the nature of the offense, the evidence shows that Freeling robbed seventy-nine-year-old Cucinelli in a Kroger parking lot. Freeling walked up behind Cucinelli, scared her, and threatened to shoot her if she did not give him money. Tr. p. 94. Cucinelli was so frightened that she could not return to the store to report the crime. Rather, Cucinelli had to drive home and telephone the manager. Id. at 96. Under these circumstances, Freeling's nature of the offense argument avails him of nothing.

As for Freeling's character, the record shows that he has twelve prior felony convictions and thirteen prior misdemeanor convictions. Tr. p. 10. When Freeling was arrested for this offense, he was also charged with resisting law enforcement and was on parole for a previous conviction. Id. at 172.

Freeling's prior criminal convictions and behavior establish his disdain and disrespect for the law. Freeling has engaged in a continuous pattern of committing crimes and he has not reformed his criminal behavior. Thus, it is apparent that Freeling has learned nothing from his prior encounters with the criminal justice system. In short, Freeling has failed to show that the eight-year sentence was inappropriate.

The judgment of the trial court is affirmed.

ROBB, C.J., and MAY, J., concur.