**Billy Wayne AMBURGEY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 69S00–9708–CR–431.

Supreme Court of Indiana.

June 18, 1998.

Leanna Weissmann, Rising Sun, for Appellant.

Jeffrey A. Modisett, Attorney General, Katherine Modesitt, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

A jury found appellant Billy W. Amburgey guilty of murder.[1] The court sentenced him to fifty-five years executed time. In this direct appeal, Amburgey asserts that the trial court erred by admitting a photograph of the victim at the crime scene and by refusing to give an instruction he tendered on reasonable doubt. We affirm.

**Facts**

The evidence most favorable to the verdict shows that on April 25, 1996, Amburgey approached Anthony Collins in a parking lot in Batesville, Indiana. Amburgey wanted to talk about their former relationship, which Collins had terminated two months earlier. When Collins refused to talk, Amburgey grabbed him by his coat. Collins then shouted that he did not want to talk.

Two security guards, seeing what appeared to be a fight, ordered the men to separate. Amburgey released Collins' coat and stepped three feet back. He raised a handgun with his right hand and shot Collins in the chest. As Collins staggered towards a guardrail, Amburgey shot him twice more. Collins eventually fell down near the guard shack, where Amburgey approached him and shot him one final time. An autopsy revealed that Collins died from massive body

trauma caused by lacerations to a lung, the liver, and the heart.

**I. Admission of Photograph**

Amburgey objects to the admission of a bloody, close-up photograph of the victim's face at the crime scene. He contends the picture was irrelevant because he did not dispute shooting or killing the victim. Even if it was relevant, he argues, its prejudicial effect outweighed its probative value and should have been excluded.

The admission of photographic evidence falls within the sound discretion of the trial court; we will not reverse absent an abuse of discretion. *Barnes v. State,* 634 N.E.2d 46 (Ind.1994). Even gory and revolting photographs may be admissible as long as they are relevant to some material issue or show scenes that a witness could describe orally. *Jackson v. State,* 597 N.E.2d 950 (Ind.1992). A relevant photograph, of course, should be excluded if its prejudicial effect outweighs its probative value. Ind. Evidence Rule 403; *Games v. State,* 535 N.E.2d 530 (Ind.), *cert. denied* 493 U.S. 874, 110 S.Ct. 205, 107 L.Ed.2d 158 (1989).

Although Amburgey suggests the photograph was irrelevant because he did not dispute shooting or killing Collins, his failure to contest these issues does not alleviate the State's burden of proving them. *Butler v. State,* 647 N.E.2d 631 (Ind.1995). Here, the close-up photograph illustrates the testimony of the security guards. It identifies the victim and shows two of his four wounds. The location of these wounds and the proximity of the victim to the shooter were probative on the question of intent. The photographs were thus admissible.

Appellant also claims the prejudicial effect of the photograph outweighed its probative value. We disagree. Although it is slightly gruesome, the photograph's prejudicial effect and its probative value were at best more or less in balance. Admitting the photograph was hardly an abuse of discretion.

**II. Jury Instructions**

Next, Amburgey claims the court erred by not giving his Tendered Instruction

1. Ind.Code Ann. § 35–42–1–1 (West Supp.1996).

Number 6. In evaluating whether a trial court committed reversible error by refusing a tendered instruction, we will reverse only if: (1) the refused instruction correctly stated the law; (2) evidence supported giving the instruction; and (3) it was not adequately covered by other instructions. *Griffin v. State*, 644 N.E.2d 561 (Ind.1994).

■ Appellant's Tendered Instruction Number 6 read as follows:

> If you find from your consideration of all the evidence the defendant is guilty of some offense which has been charged against him, but you have a reasonable doubt as to which of said offenses the defendant's guilt is properly established, it is your duty to give him the benefit of the doubt and only convict him of that offense of which you find him guilty beyond a reasonable doubt.

(R. at 236). As appellant's counsel appropriately admitted at trial, this instruction was substantively covered by other instructions. (R. at 1434.) Specifically, Final Instruction 5 described the elements of murder, voluntary manslaughter, involuntary manslaughter, and reckless homicide. It also instructed the jury on the requisite proof needed to convict Amburgey of each crime, and that he could not be convicted of any crime if the prosecution did not prove each element beyond a reasonable doubt. The trial court did not err by refusing Amburgey's instruction.

### Conclusion

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.