Ricky Ricardo FENTRESS, Appellant
(Defendant Below ),

v.

STATE of Indiana, Appellee
(Plaintiff Below ).

No. 82S00–9712–CR–693.

Supreme Court of Indiana.

Dec. 10, 1998.

David D. Kiely, Evansville, John D. Clouse, John P. Brinson, Evansville, for appellant.

Jeffrey A. Modisett, Attorney General, James A. Garrard, Deputy Attorney General, Indianapolis, for appellee.

BOEHM, Justice.

A jury convicted Ricky Ricardo Fentress of murder and Fentress also pleaded guilty to an habitual offender charge. The trial court sentenced Fentress to seventy years in prison. In this direct appeal Fentress raises only one issue: did the trial court err by admitting into evidence two photographs taken by a pathologist during the autopsy of the victim? [1]

### Factual and Procedural Background

On April 10, 1997, Fentress and Bobby Stuart, the victim, were drinking alcohol with several others in a vacant lot in Vanderburgh County. At some point a fist fight broke out between Fentress and Stuart. After Fentress sustained a cut lip he left the site while the others, including Stuart, continued drinking.

According to eyewitness testimony, Fentress returned after approximately ten to twenty minutes carrying a stick. Stuart tried to flee when he perceived Fentress approaching, but fell to the ground. Fentress then hit the fallen Stuart with the stick two or more times, and stopped only when one of the witnesses told him to stop hitting the victim. Stuart's skull was shattered and he died from excessive trauma to his head.

The jury was instructed on both voluntary manslaughter and murder and found Fentress guilty of murder. This court has jurisdiction of Fentress's appeal under Indiana Appellate Rule 4(A)(7).

### Photographic Evidence

Fentress argues that the trial court erred when, over his objection, it admitted into evidence two photographs taken by a pathologist during the autopsy of the victim. The photographs depict the victim's shattered skull with the hair and skin pulled away from it. In one photograph, the pathologist's

1. We appreciate the parties' work in briefing the issue of whether the trial court applied the habitual offender statute correctly in this case. *See* Ind.Code § 35–50–2–8(e) (1998). The trial court sentenced Fentress to 70 years (60 years for murder and 10 years for the habitual enhance- ment); this was error. The legislature has fixed the habitual enhancement for murder at 30 years. However, we decline to correct Fentress's sentence because the State neither moved to correct the error nor raised the issue on appeal.

gloved thumb is visible. Fentress argues that the photographs are highly inflammatory and prejudicial because they depict the victim's body in a state altered from that at the crime scene. Fentress contends that any relevance of the two photographs is outweighed by the danger that they prejudiced the jury to return a murder verdict rather than manslaughter.

We review the trial court's admission of photographic evidence for an abuse of discretion. *Humphrey v. State,* 680 N.E.2d 836, 842 (Ind.1997). Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401. However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" Evid. R. 403.

Here the two photographs were admitted into evidence after the pathologist had explained the nature of the victim's injury and other photographs of the victim's injuries taken during the autopsy were already in evidence. The pathologist had told the jury in great detail that, in order to determine the extent of the damage to the victim's skull, he needed to look under the skin. The pathologist also described to the jury the nature of the victim's injuries that he uncovered and the likely cause of those injuries.

The State contends that the photographs were probative of Fentress's intent to kill because they show the extent of the damage caused by the blows to the victim's head, and the other autopsy pictures did not. The State also contends that the two photographs illustrated the pathologist's testimony. Fentress responds that the pathologist's testimony itself was enough evidence of the extent of the victim's injuries. In *Allen v. State,* 686 N.E.2d 760, 776 (Ind.1997), *petition for cert. filed* (U.S. Aug. 28, 1998) (No. 98–5855), where a substantially similar photograph was offered as evidence because the victim's hair obscured the wound, we observed that "autopsy photographs are generally inadmissible if they show the body in an altered condition" because they may impute to the defendant the work of the pathologist. In this case, however, the pathologist described the procedure and its outcome to the jury and the jury also had pictorial evidence of the victim prior to the procedure. The potential for confusion is minimal. Moreover, because the injury was the result of a blow with a blunt instrument and the damage to the shattered skull was visible only if the victim's skin was pulled back, the trial court was within its discretion in determining that the probative value of this evidence—to show the force of the blow which in turn bore on the intent to kill—outweighed its prejudicial effect.

### Conclusion

The conviction is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.