James SWINGLEY, Defendant–
Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 18S00–9905–CR–271.

Supreme Court of Indiana.

Dec. 1, 2000.

Susan K. Carpenter, Public Defender of Indiana, David P. Freund, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

The defendant, James Swingley, was convicted of murder[1] for the November 12, 1996, killing of Brian Insco in Muncie, Indiana. The defendant's one claim on appeal is that three autopsy photographs were erroneously admitted into evidence thereby infringing his right to a fair trial.

■ The defendant's claim focuses on three slides in a ten-slide presentation labeled collectively as State's Exhibit 13. Record at 594. These slides were projected on a screen during the pathologist's testimony. The defendant argues that the probative value of the slides was outweighed by their prejudicial effect. Because the admission and exclusion of evidence falls within the sound discretion of the trial court, this Court reviews the admission of photographic evidence only for abuse of discretion. *Byers v. State,* 709 N.E.2d 1024, 1028 (Ind.1999); *Amburgey v. State,* 696 N.E.2d 44, 45 (Ind.1998). Relevant evidence, including photographs, may be excluded only if its probative value is substantially outweighed by the danger of unfair prejudice. Ind. Evidence Rule 403; *Byers,* 709 N.E.2d at 1028. "Even gory and revolting photographs may be admissible as long as they are relevant to some material issue or show scenes that a witness could describe orally." *Amburgey,* 696 N.E.2d at 45; *see also Byers,* 709 N.E.2d at 1028. Photographs, even those gruesome in nature, are admissible if they act as interpretative aids for the jury and have strong probative value. *Spencer v. State,* 703 N.E.2d 1053, 1057 (Ind.1999); *Robinson v. State,* 693 N.E.2d 548, 553 (Ind.1998).

■ The defendant does not dispute that this is the standard of review but points to *Allen v. State,* 686 N.E.2d 760 (Ind.1997), *cert. denied,* 525 U.S. 1073, 119 S.Ct. 807, 142 L.Ed.2d 667 (1999), for the proposition that "autopsy photographs are generally inadmissible if they show the body in an altered condition." *Id.* at 776. When a body is altered for a photograph, the concern is that the handiwork of the physician may be imputed to the accused assailant and " 'thereby render the defendant responsible in the minds of the jurors for the cuts, incisions, and indignity of an autopsy.' " *Id.* (quoting *Loy v. State,* 436 N.E.2d 1125, 1128 (Ind.1982)). While this is the general rule, we have recognized exceptions. In *Fentress v. State,* 702 N.E.2d 721 (Ind.1998), we held two photographs, which depicted the victim's skull with the hair and skin pulled away from it, admissible notwithstanding *Allen.* Because the pathologist had explained what he had done and the alteration was necessary to determine the extent of the victim's injuries, we found that the "potential for confusion was minimal" and that the probative value outweighed the prejudicial effect. *Fentress,* 702 N.E.2d at 722.

We also found autopsy photographs depicting a body that had been altered to be admissible in *Cutter v. State,* 725 N.E.2d 401, 406 (Ind.2000). The photograph at issue in *Cutter* depicted a pathologist's hand holding open the victim's vagina to display bruises that were relevant to the "by force" element of the rape charge. *Id.*

---

**1.** IND.CODE § 35–42–1–1.

We stated this photograph was admissible because the "distortion was necessary to show the jury [the victim's] largely internal injury." *Id.* As these cases show, there are situations where some alteration of the body is allowed where necessary to demonstrate the testimony being given.

The cause of death in this case was exsanguination (bleeding to death) from a cut in the neck that extended about one-third of the way through. Record at 603. Two of the photographs depict the victim's gaping neck wound. The pathologist had done nothing to the wound other than to clean it. The record is unclear as to the extent the body was altered so that the wound was open, but even if the body was positioned in such a way as to open the wound more than it was originally, the positioning was necessary to show the extent of the wound and the cause of death. Also, in regards to the second slide where the wound is the most open, the pathologist stated that he had opened the wound to show the blood vessels that had been cut (resulting in death). Record at 603. As the probative value of these slides outweighed their prejudicial effect, the admission of these two slides was not error.

The third slide depicted the victim's windpipe or larynx removed from the body and lying on a sheet. This is the type of alteration *Allen* contemplates, and as other photographs depicted the extent of the victim's wounds and the cause of his death, the additional altered photograph was unnecessary. *See Turben v. State*, 726 N.E.2d 1245, 1247 (Ind.2000) (photograph inadmissible that depicted gloved hands manipulating a bloody mass with a probe, the mass purportedly represented the victim's head with the skin and bones cut open and peeled back to expose the interior of the victim's neck). Because its potential for prejudice outweighed it probative value, the trial court erred in allowing the admission of the slide depicting the removed windpipe.

However, finding that the trial court erred in admitting the photograph is not enough to warrant reversal. Errors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of the party. Ind. Trial Rule 61; *Fleener v. State*, 656 N.E.2d 1140, 1141 (Ind.1995). To determine whether an error in the introduction of evidence affected the appellant's substantial rights, this Court must assess the probable impact of that evidence upon the jury. *Alva v. State*, 605 N.E.2d 169, 171 (Ind.1993).

The defendant argues that the error was not harmless, but "swayed the jury to ignore the huge credibility gaps in the State's case." Brief of Defendant Appellant at 33. The defendant also alleges inconsistencies in the witnesses' testimony. We find it improbable that the gruesome slide had any significant impact on the jury's decision. Two men saw the defendant commit the crime, and four other people on separate occasions heard the defendant state that he cut the victim's throat. In light of this evidence of guilt, we find that the probable impact of the erroneous admission of the windpipe slide did not affect the defendant's substantial rights, and that the error in admitting the exhibit must be disregarded as harmless error.

We affirm the defendant's conviction for murder.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.