**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| EDGAR N. SINGLETON, JR., | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 45A05-1404-CR-172 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE SUPERIOR COURT OF LAKE COUNTY
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1308-MR-9

**November 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Edgar N. Singleton, Jr. ("Singleton") appeals his conviction for Murder, a felony.[1] He presents the sole issue of whether the trial court abused its discretion by admitting two autopsy photographs. We affirm.

**Facts and Procedural History**

During the evening of August 8, 2013, Singleton was driving on Indianapolis Boulevard in Hammond, Indiana, as was Montrell Moss ("Moss"). Singleton drove his van from the right lane into the center lane, causing Moss to hit his brakes. Singleton returned his van to the right lane but then, shortly thereafter, again drove the van in front of Moss's vehicle and caused Moss to hit his brakes a second time.

Moss then told passenger Shimeka Robinson ("Robinson"), that he intended to throw a fast food cup at the van. When the van moved alongside Moss's vehicle, Moss called the driver a "bitch," threw the cup, and sped away. (Tr. 333.) The two vehicles came to a stop at the same stop-light. Robinson heard Singleton refer to Moss as "a bitch" and then she heard a gunshot. (Tr. 342.)

Moss fell back in his seat and lost control of his vehicle. Robinson tried in vain to stop the vehicle; it crashed into a gas pump. Police officers arrived within moments and Robinson provided information that led to pursuit of Singleton. However, Singleton was apparently already turning back toward the crash site. He exited his van, identified himself

---

[1] Ind. Code § 35-42-1-1.

2

as a Cook County Deputy Sheriff "peace officer,"[2] and claimed to have shot Moss because Moss was reaching for a gun. (Tr. 99.)

Moss died of a gunshot wound to his chest. No gun was found on Moss's person, in his vehicle, or in the gas station trash bins. Singleton was charged with Murder. At trial, the jury was instructed on Murder, Voluntary Manslaughter, and self-defense. Singleton was convicted as charged and sentenced to fifty years imprisonment. This appeal ensued.

**Discussion and Decision**

Singleton argues that the trial court admitted into evidence exhibits that had little or no probative value but great prejudicial effect, specifically, State's Exhibits 77 and 79 (autopsy photographs of Moss's lungs and his right chest cavity after removal of the lungs, respectively). According to Singleton, the photographs were so gruesome that they likely caused the jury to unfairly reject evidence that Singleton was acting in self-defense or sudden heat.

The admission or exclusion of evidence is within the discretion of the trial court and we will disturb its rulings only where it is shown that the court abused that discretion. Halliburton v. State, 1 N.E.3d 670, 675 (Ind. 2013). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Id.

---

[2] Singleton had been a corrections officer for twenty-two years.

"Relevant evidence, including photographs, may be excluded only if its probative value is substantially outweighed by the danger of unfair prejudice." Swingley v. State, 739 N.E.2d 132, 133 (Ind. 2000) (citing Ind. Evidence Rule 403). Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Ind. Evid. Rule 401.

Photographs depicting the crime scene and victim's body are generally admissible, provided they are relevant and competent aids to the jury. Halliburton, 1 N.E.3d at 676. "However, manipulation of a corpse leads to concern that the work of a pathologist could be attributed to a defendant." Jackson v. State, 973 N.E.2d 1123, 1127 (Ind. Ct. App. 2012), trans. denied (citing Swingley, 739 N.E.2d at 133). Accordingly, autopsy photographs depicting the body in an altered state are generally inadmissible. Id. Nonetheless, Swingley recognized that "there are situations where some alteration of the body is allowed where necessary to demonstrate the testimony being given." 739 N.E.2d at 134.

As such, autopsy photographs of a victim have been found "'relevant not only to prove his or her identity, but serve as an aid to understanding the pathologist's findings on the cause of death.'" Halliburton, 1 N.E.3d at 677 (quoting Woods v. State, 677 N.E.2d 499, 504 (Ind. 1997)). For example, in Fentress v. State, 702 N.E.2d 721 (Ind. 1998), the Court held admissible two photographs that depicted the victim's skull with the hair and skin pulled away from it. Because the pathologist had explained what he had done and the alteration was necessary to determine the extent of the injuries, the "potential for

4

confusion" was minimal and the probative value outweighed the prejudicial effect.  Id. at 722.

Dr. John Cavanaugh, the pathologist who testified regarding the cause of Moss's death, referenced States Exhibits 77 and 79 in explaining the fatal wound and its trajectory. Singleton insists the photographs were unnecessary because the trajectory could have been fully explained without graphic photographs and because Singleton offered to stipulate that Moss died of a gunshot wound.

Singleton directs our attention to our supreme court's language in Corbett v. State, 764 N.E.2d 622 (Ind. 2002), a case in which two photographs of the hollow shell of the victim's body had been admitted into evidence.  The Court observed that the photographs "greatly and unnecessarily enhance[d] the gruesomeness of the pictures" and concluded "[t]hese two photographs, although relevant to the cause of death and the disputed issue of the number of blows, were so prejudicial that the trial court abused its discretion in allowing them to be admitted."  Id. at 627.  Reversal was not warranted, however, because the admission was found not to have affected the defendant's substantial rights.  Id. at 628 (citing Ind. Trial Rule 61, which provides in relevant part:  "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."))

Here, the probative value of the challenged photographs was arguably lessened because Singleton admitted shooting Moss and the cause of death was not contested.  This is not to say, however, that the trial court was required to reject the photographs because

5

Singleton offered to stipulate to causation. Our Indiana Supreme Court recently reiterated, in Halliburton, that there is no rule limiting the facts in issue when one party unilaterally concedes or offers to stipulate to a fact. 1 N.E.3d at 677 (citing Butler v. State, 647 N.E.2d 631, 634 (Ind. 1995)). The Halliburton Court rejected the appellant's contention that autopsy photographs were inadmissible merely because there was no dispute concerning the victim's identity and cause of death. Id.

Ultimately, as discussed in Corbett, an appellant challenging autopsy photographs bears the burden to "demonstrate how the erroneous admission of some of the photographs affected his substantial rights." 764 N.E.2d at 628. Singleton admitted that he shot Moss but claimed to believe that Moss had a gun. The jury was instructed to decide whether Singleton acted knowingly or intentionally, in sudden heat, or in self-defense. As the controversy focused on Singleton's intent, the admission of photographs showing Moss's body in an altered state was of limited value. That said, however, their prejudicial impact was also limited. Singleton had admitted causing the fatal injury to Moss's body and the pathologist explained the process of the autopsy. It is unlikely that the jury attributed the work of the pathologist to Singleton when trying to determine his state of mind and perceptions at the time of the shooting.

## Conclusion

Singleton did not demonstrate that the admission of two challenged autopsy photographs affected his substantial rights.

Affirmed.

6

NAJAM, J., and PYLE, J., concur.