## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 07 2017, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Lake County Public Defender's Office
Appellate Division
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert B. Scoggins,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 7, 2017<br><br>Court of Appeals Case No.<br>45A03-1608-CR-1902<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Diane Ross Boswell, Judge<br><br>Trial Court Cause No.<br>45G03-1412-F3-25 |

**Crone, Judge.**

# Case Summary

Robert B. Scoggins appeals his conviction and eight-year sentence for level 3 felony aggravated battery. He argues that the trial court abused its discretion in admitting photographs of the victim's injuries. He also contends that the trial court abused its discretion in sentencing him by failing to recognize mitigating factors and that his sentence is inappropriate based on the nature of the offense and his character. We find no abuse of discretion in either the admission of evidence or in sentencing, and Scoggins has failed to carry his burden to show that his sentence is inappropriate. Therefore, we affirm.

# Facts and Procedural History

On December 19, 2014, Miriam Murray was living in an apartment with Scoggins, her boyfriend of over eleven years. That evening, Murray's sister Gwendolyn Lambert was visiting them, and they were drinking beer and other alcohol. Earlier that day, Murray and Scoggins had also smoked marijuana. At some point, Scoggins received a phone call, and his mood changed. He began yelling at Murray about sending her son money. Murray attempted to get away from Scoggins by going into her bedroom. He followed her and continued yelling at her. When she exited the bedroom, Scoggins hit her in the face with his fist, causing her to fall to the ground. While Murray was on the ground, Scoggins hit her with a chair more than once. The leg of the chair struck Murray in the right eye. Lambert told Scoggins to stop, but he flipped her over Murray's body, and she landed in the kitchen. Murray did not see much after that because she blacked out, but she remembered being hit and her

sister asking Scoggins to stop. Scoggins yelled at the two women to get out. Murray and Lambert went into the bathroom to try to stop the bleeding from Murray's eye. Then, they walked to a local hospital a block and a half from the apartment.

[3] Murray was treated in the hospital's emergency room. Her right eye was completely swollen, and she had a laceration under her eye that was five to seven centimeters long. A CAT scan showed a rupture of her right eyeball, a rupture of the lateral rectus muscle, which is on the nose side of the eye, and a "shattering fracture" of a portion of the medial orbit wall. Tr. at 105. Murray was transferred to a Chicago hospital for treatment by a specialist. On December 21, 2014, doctors removed her right eyeball.

[4] The State charged Scoggins with level 3 felony aggravated battery, level 5 felony battery by means of a deadly weapon, level 5 felony battery resulting in serious bodily injury, all naming Murray as the victim, and class A misdemeanor battery resulting in bodily injury to Lambert. At trial, the State offered into evidence exhibits 15 through 18, four photographs of Murray's injuries taken at the local hospital by a police evidence technician. Exhibit 15 shows Murray's entire head, including her hand above her head, with her face turned slightly away from the camera. Exhibit 16 is a close-up of Murray's eye and nose. Exhibit 17 is the same as exhibit 16 but with a ruler under her eye for reference. Exhibit 18 shows Murray's entire face, with the camera looking square into her face. Scoggins objected to the admission of the photographs,

which the trial court overruled. The State published only exhibits 15 and 18, not the close-ups.

[5] At trial, Scoggins testified that Murray came at him with a knife, and he grabbed a chair in self-defense. Then, when Murray grabbed the chair, he let go of it, she fell over, and the knife and chair hit her in the face. The jury found Scoggins guilty of the felonies but not guilty of the misdemeanor. Based on double jeopardy principles, the trial court entered judgment of conviction only for level 3 felony aggravated battery.

[6] At the sentencing hearing, the State requested a fourteen-year sentence, arguing that Scoggins was in a position of trust with the victim, had shown no remorse, and had a history of eleven prior arrests in three states. Scoggins argued that he was sixty-four years old with no criminal convictions. The trial court found that the circumstances surrounding the crime were a mitigating factor.[1] However, it found that Scoggins's prior contacts with the criminal justice system indicated an anger issue and was an aggravating factor. It also found that Scoggins's relationship with the victim was an aggravating factor. The trial court sentenced Scoggins to eight years in the Department of Correction. This appeal ensued.

---

[1] The trial court did not explain why the circumstances of the crime would be mitigating, and neither do the parties.

# Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in admitting evidence.

[7] Scoggins asserts that the trial court erred in admitting four photographs of Murray's injuries. This Court reviews the admission of photographic evidence only for an abuse of discretion. *Pruitt v. State*, 834 N.E.2d 90, 117 (Ind. 2005), *cert. denied*. "Generally, photographs that depict a victim's injuries or demonstrate the testimony of a witness are admissible." *Ward v. State*, 903 N.E.2d 946, 958 (Ind. 2009). "'Photographs, even those gruesome in nature, are admissible if they act as interpretative aids for the jury and have strong probative value.'" *Corbett v. State*, 764 N.E.2d 622, 627 (Ind. 2002) (quoting *Swingley v. State*, 739 N.E.2d 132, 133 (Ind. 2000)). However, even relevant photographic evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ind. Evid. Rule 403. A claim that the evidence was improperly admitted will prevail only if the error affects a substantial right of the party. Ind. Evid. Rule 103(a). To determine whether an appellant's substantial rights were affected we assess the "probable impact of that evidence upon the jury." *Corbett*, 764 N.E.2d at 628.

[8] Scoggins asserts that because the fact that Murray suffered a serious injury was not at issue, the four photographs were inadmissible because they were not relevant. We disagree. Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence determining the action." Ind. Evid. R. 401. Even

though Scoggins did not contest the severity of Murray's injuries, the State still bore the burden to prove the elements of the aggravated battery charge beyond a reasonable doubt. *See* Ind. Code § 35-42-2-1.5 (defining crime as knowingly or intentionally inflicting injury that causes protracted loss or impairment of function of bodily member or organ). In addition, the nature of Murray's injuries was relevant to refute Scoggins's claim of self-defense. He claimed that she fell backwards with the chair in her hands. The photographs showing the severity of her injuries were relevant to show that an accident could not have caused her injuries. The photographs were not all the same; two showed Murray's entire face at different angles and two were close-ups of her eye and nose. Thus, not only were they relevant, we reject Scoggins's contention that they were cumulative.

[9]     Scoggins also contends that even if the photographs were relevant, their probative value was substantially outweighed by unfair prejudice. *See* Ind. Evid. Rule 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice … or needlessly presenting cumulative evidence."). In determining admissibility under Evidence Rule 403, our courts "have emphasized that the relevant inquiry is not merely whether the matter is prejudicial to the defendant's interests, but whether 'it is unfairly prejudicial.'" *Baer v. State*, 866 N.E.2d 752, 763 (Ind. 2007) (quoting *Steward v. State*, 652 N.E.2d 490, 499 (Ind. 1995)). We are unpersuaded that the photographs resulted in *unfair* prejudice. They were highly probative to refute Scoggins's self-defense claim and only two were

published to the jury—exhibits 15 and 18—neither of which were the close-ups. We conclude that the trial court did not abuse its discretion in admitting the photographs.

## Section 2 – The trial court did not abuse its discretion in sentencing Scoggins.

[10] Scoggins argues that the trial court erred in sentencing him by failing to find certain mitigating factors. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id*. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. A trial court may abuse its discretion during sentencing by entering a sentencing statement that omits mitigating factors that are clearly supported by the record. *Id*. at 490-91.

[11] Scoggins asserts that the trial court abused its discretion in failing to find that his age and lack of criminal history were mitigating factors. He contends that at sixty-four years old, he has a low chance of recidivism. He also claims that he had no actual convictions. We observe that

> the trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant. A trial court does not err in failing to find a mitigating factor where that claim is highly disputable in nature,

weight, or significance. An allegation that a trial court abused its discretion by failing to identify or find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is significant and clearly supported by the record.

*Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012) (citations omitted), *trans. denied*. Scoggins has eleven prior arrests, including some that are related to the current offense: two for battery; one for domestic battery; and two for domestic assault. We conclude that Scoggins has failed to carry his burden to show that his age and lack of convictions are significant and clearly supported by the record. Therefore, we find no abuse of discretion.

## Section 3 – Scoggins has failed to carry his burden to show that his sentence is inappropriate.

[12] Scoggins also challenges his sentence as inappropriate. Article 7, Section 6 of the Indiana Constitution authorizes this Court to independently review and revise a sentence imposed by the trial court. *Anglemyer*, 868 N.E.2d at 491. Indiana Appellate Rule 7(B) states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Purvis v. State*, 829 N.E.2d 572, 588 (Ind. Ct. App. 2005) (internal citations omitted), *trans. denied*. Scoggins bears the burden of persuading us that

his sentence is inappropriate. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

[13] In considering the nature of a defendant's offense, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Anglemyer*, 868 N.E.2d at 494. The advisory sentence for a level 3 felony is nine years, with a range of three to sixteen years. Ind. Code § 35-50-2-5. The trial court sentenced Scoggins to eight years. Scoggins contends that he should receive the minimum sentence of three years. Although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "Since the advisory sentence is the starting point our General Assembly has selected as an appropriate sentence for the crime committed, the defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*. Here, Scoggins's sentence is less than the advisory.

[14] As for the nature of Scoggins's offense, he began yelling at Murray without any provocation and punched her in the face, causing her to fall to the floor. While she laid on the floor, he picked up a chair and repeatedly hit her in the face with it. She was bruised and bleeding, but rather than calling for medical assistance, he yelled at her to get out. Doctors were unable to save Murray's right eye and

were forced to remove it. Nothing about the nature of the offense suggests that Scoggins's sentence is inappropriate.

[15] As for Scoggins's character, there is also nothing so praiseworthy that persuades us that his sentence, already below the advisory, is inappropriate. Although he has no prior criminal convictions, he has eleven arrests. Five of those arrests involved battery, including domestic battery. They also include drug use. According to the presentence investigation report, Scoggins admitted that he has a history of drug use, but he has never sought any substance abuse treatment and committed the instant offense after ingesting marijuana and alcohol. He showed no remorse for his conduct and blamed Murray for her injuries. We conclude that Scoggins has failed to carry his burden to show that his sentence is inappropriate.

[16] Based on the foregoing, we affirm Scoggins's conviction and sentence.

[17] Affirmed.

Riley, J., and Altice, J., concur.