## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 21 2017, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbra A. Stooksbury
Howes & Howes, LLP
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Hoffman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 21, 2017

Court of Appeals Case No.
46A03-1606-CR-1497

Appeal from the LaPorte Superior Court

The Honorable Michael S. Bergerson, Judge

Trial Court Cause No.
46D01-1501-FA-1

**Crone, Judge.**

# Case Summary

[1] Kevin Hoffman appeals his conviction following a jury trial for class A felony child molesting. He also appeals the fifty-year sentence imposed by the trial court. He raises several issues, including that the trial court erred in denying his pretrial motion to dismiss the charge against him and that the trial court abused its discretion in admitting certain photographic evidence. He further asserts that his fifty-year sentence is inappropriate in light of both the nature of the offense and his character. Finding no error or abuse of discretion, and concluding that he has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

# Facts and Procedural History[1]

[2] Between September 2012 and August 2013, then thirty-nine-year-old Hoffman lived in an apartment with then six-year-old A.K.[2] and her mother ("Mother"). Hoffman was Mother's boyfriend and A.K. considered him "pretty much like a dad." Tr. Vol. 2 at 139.[3] Other members of the household included A.K's older sister H.K., H.K.'s girlfriend Ashley, and A.K.'s two young cousins.

---

[1] We remind Appellant's counsel that an appellant's statement of facts "shall be in narrative form and shall not be a witness by witness summary of the testimony." Ind. Appellate Rule 46(A)(6)(c).

[2] The child-victim is referred to in the transcript by her nickname rather than by her birth name. We use the initials of her birthname, A.K., for purposes of our discussion.

[3] We note that the transcript was submitted to this Court in multiple volumes that were mislabeled and not consecutively numbered in violation of Indiana Appellate Rule 28(A) ("The Court Reporter shall prepare an electronic Transcript in accordance with Appendix A," which provides "Each volume of the Transcript shall be independently and consecutively numbered at the bottom."). For purposes of our discussion, we will refer to each volume in chronological order rather than how they were labeled.

Mother worked long hours and Hoffman, H.K., and Ashley would take turns babysitting A.K. and her cousins while Mother was working.

[3] When Mother was away, A.K. would spend time alone with Hoffman in his bedroom. Hoffman would remove his clothes and instruct A.K. to remove her clothes and kneel on the bed. He would then instruct A.K. to move her hands back and forth on his penis and he would also place his penis in her mouth. A.K. testified that "it was weird," sometimes "went too far" into her throat and made her "choke," and sometimes a liquid "like syrup" would come out of his penis and go into her mouth. *Id*. at 156, 159. Other times Hoffman would make A.K. lie back on the bed with her "legs up" and he would put "his private in between [her] legs and go back and forth." *Id*. at 160. He told her that this was "practice" for her. *Id*. One time Hoffman had A.K. shower with him and told her to put her mouth on his penis after the shower. Hoffman, who suffered from diabetes, convinced A.K. that she needed to perform sexual acts with him to help his diabetes, and she believed that he "could probably die" if she did not do what he wanted. *Id*. at 147.

[4] In August 2013, Hoffman moved with Mother and her family to a house. Around that time, Mother purchased a new cell phone for Hoffman. Because Ashley did not own a cell phone, she was permitted to use Hoffman's phone whenever needed. On September 5, 2013, Hoffman was sitting in his bedroom when Ashley came in and asked to borrow his phone. A.K. had just exited the bedroom wearing a bathing suit. Hoffman obliged and gave Ashley his phone, and Ashley walked to the kitchen to use the phone. When she flipped open the

phone, "pictures popped up of [A.K.]." Tr. Vol. 1 at 50. The pictures were a "chest picture" and "one of her laying straight down with her hands flat on the side." *Id.* A.K. was naked in the pictures. Ashley screamed and asked A.K. about the pictures. A.K. became extremely upset and ran back toward the bedroom and exclaimed to Hoffman that Ashley had "seen the x-rays." *Id.* at 52. Hoffman immediately came to the kitchen, grabbed the phone from Ashley, and started "pressing buttons." *Id.* at 56. A.K. was crying when Hoffman instructed her to "tell the truth" that she "took these pictures." *Id.* A.K. responded, "I didn't take these pictures, you took them." *Id.* at 58. When Hoffman took the pictures of A.K., he told her that they were playing "doctor" and that the pictures were "x-rays." Tr. Vol. 2 at 175.

[5] The State charged Hoffman with two counts of class A felony child molesting. Hoffman filed a motion to dismiss alleging that he had already been convicted on federal charges involving the same conduct. The State responded and the trial court subsequently denied Hoffman's motion to dismiss. On January 27, 2016, the State filed an amended information charging a single count of class A felony child molesting. A jury trial began on February 22, 2016. At the close of the evidence, the jury found Hoffman guilty as charged. Following a sentencing hearing, the trial court imposed a fifty-year sentence and ordered that the sentence be served consecutively to the sentence previously imposed by the federal court. This appeal ensued.

# Discussion and Decision

## Section 1 – The State's prosecution of the current charge was not barred by statutory double jeopardy principles.

Hoffman first asserts that the trial court erred in denying his pretrial motion to dismiss the charge against him. Specifically, he argues that because he was convicted and sentenced in the United States District Court for the Northern District of Indiana on two counts involving the same conduct giving rise to the current class A felony child molesting charge, prosecution of him on the current offense was barred by statutory double jeopardy principles. We disagree.

As a general matter, we review a trial court's ruling on a motion to dismiss a charging information for an abuse of discretion. *Delagrange v. State*, 951 N.E.2d 593, 594 (Ind. Ct. App. 2011), *trans. denied*. However, whether a prosecution is barred by double jeopardy is a question of law. *State v. Allen*, 646 N.E.2d 965, 972 (Ind. Ct. App. 1995), *trans. denied*. In cases where the issue is a question of law, we apply a de novo standard of review. *Austin v. State*, 997 N.E.2d 1027, 1039 (Ind. 2013).

This Court has recognized that federal and state governments are considered separate or dual sovereigns. *Smith v. State*, 993 N.E. 2d 1185, 1189 (Ind. Ct. App. 2013) (citing *Allen*, 646 N.E.2d at 968), *trans. denied* (2014). While the Indiana and United States Constitutions provide no protection from double jeopardy as between "dual sovereigns," Indiana has provided statutory protection against double jeopardy in such situations. *See Allen*, 646 N.E.2d at

967-68. "Therefore, the double jeopardy question involved in this case is one of statutory construction, rather than constitutional construction." *Id*. at 968.

[9]     Indiana Code Section 35-41-4-5 provides:

> In a case in which the alleged conduct constitutes an offense within the concurrent jurisdiction of Indiana and another jurisdiction, a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the same conduct in Indiana, if the former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

"The plain language of the statute requires a comparison of the conduct alleged to constitute an offense in Indiana with the conduct alleged to constitute an offense in another jurisdiction, here, in federal district court." *Smith*, 993 N.E.2d at 1190.

[10]    Here, the State's amended charge alleged that Hoffman committed class A felony child molesting in that he, an adult over the age of twenty-one years, "did perform deviate sexual conduct with a child under age 14, to-wit: A.K. d/o/b 1/5/2007, being six (6) years of age, to-wit: sex organ of one person and the mouth of the other." Appellant's App. Vol. 2 at 231. Count 1 of Hoffman's federal indictment, of which a jury found him guilty, alleged that Hoffman had committed sexual exploitation of a child in that he:

> did knowingly employ, use, persuade, induce, entice, and coerce any minor, specifically [A.K.], to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, using materials that have been mailed, shipped, and

transported in and affecting interstate and foreign commerce by means, including by computer.

*Id*. at 60, 124. Count 2 of the federal indictment, also of which a jury found him guilty, alleged that Hoffman had committed possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) in that he:

> did knowingly possess, one (1) or more books, magazines, periodicals, films, videos, tapes, or other matter which contained visual depictions … which was produced using materials which have been mailed or so shipped or transported by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct, and which visual depictions were of such conduct.

*Id*. at 61, 124.

[11]    It is clear from a comparison of both the state and federal charges that, although the same victim was involved, the charges do not arise from the same conduct.[4] The federal charges revolved around Hoffman's conduct of inducing and photographing a six-year-old A.K. engaged in "sexually explicit conduct" which is defined in relevant part as "actual or simulated … (v) lascivious exhibition of the genitals or pubic area of any person[.]" *See* 18 U.S.C. § 2256. The state charge was based upon Hoffman's conduct of performing deviate sexual conduct with A.K. by placing his penis in her mouth. Accordingly, the conduct that Hoffman was prosecuted for and convicted of in the federal

---

[4] *See United States v. Hoffman*, 847 F.3d 878 (7th Cir. 2017) (explaining that federal charges arose "out of events occurring on one day" and state charges covered "18 months of repeated abuse" of the victim).

proceedings was not the same as the conduct forming the basis of his class A felony child molesting charge. We conclude that Hoffman's prosecution for class A child molesting was not barred by Indiana Code Section 35-41-4-5 and therefore the trial court properly denied the motion to dismiss.

## Section 2 – The trial court did not abuse its discretion in admitting certain evidence.

Hoffman next asserts that the trial court abused its discretion in admitting, over his objection, certain photographic evidence. During the testimony of Detective Matthew Barr, the trial court admitted without objection two exhibits containing three photographs "of a nude A.K." that were recovered from Hoffman's cell phone.[5] Appellant's Br. at 20. At the conclusion of Detective Barr's testimony, the jury submitted written questions to clarify the testimony. Specifically, a juror asked Detective Barr, "[C]ould the victim have taken pictures herself?" Tr. Vol. 3 at 226. Detective Barr responded, "The answer to that … would be, no. You can see her hands in the majority of the pictures. Some of them they're to her side. Most of 'em, you can see 'em just kind of tight to her side, but you can actually see her hands in the pictures." *Id*. Thereafter, the State moved to admit State's Exhibit 83, which Detective Barr identified as a photograph of A.K. in which "[h]er body is straight, her hands are to her side and they're in the photo" and she is "unclothed." *Id.* at 231.

---

[5] We note that, for unknown reasons, this Court was not supplied with a copy of the exhibits admitted at trial. However, the parties do not appear to disagree as to the content of those exhibits.

Hoffman objected to the admission of the additional photograph as being prejudicial and needlessly cumulative of the prior exhibits. The trial court overruled his objection, and Hoffman now challenges that decision.[6]

[13] It is well settled that the admission and exclusion of evidence is within the trial court's discretion. *Jackson v. State*, 973 N.E.2d 1123, 1127 (Ind. Ct. App. 2012), *trans. denied*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id*. Relevant evidence is generally admissible and is defined as evidence that has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Ind. Evidence Rules 401, 402. A trial court may exclude relevant evidence, including photographic evidence, only if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. Ind. Evidence Rule 403; *Swingley v. State*, 739 N.E.2d 132, 133 (Ind. 2000).

[14] Hoffman concedes the probative value and relevance of the photographic evidence, and we do not disagree with him that the admission of Exhibit 83 may well have been generally cumulative in that it was an additional photograph of A.K. that was recovered from Hoffman's phone. However,

---

[6] Without citation to the transcript, Hoffman argues that "it was irrelevant and unnecessary" for the trial court to admit "a dozen photographs" of "a nude A.K." during Detective Barr's testimony. Appellant's Br. at 20-21. Our review of the record reveals that only three photographic exhibits were admitted during Detective Barr's testimony, two of which were admitted without objection. Thus, we address only the admission of State's Exhibit 83, a single photograph, which was admitted over Hoffman's objection.

Exhibit 83 depicted A.K. with her hands to her side and was offered and admitted in response to a specific juror question regarding whether A.K. could have taken the photographs herself. Thus, Exhibit 83 was probative and relevant to that specific inquiry. Moreover, even if it were cumulative, the admission of cumulative evidence alone is insufficient to warrant a new trial. *Helsley v. State*, 809 N.E.2d 292, 296 (Ind. 2004). As stated above, an appellant must establish that the probative value of the evidence was substantially outweighed by the unfair prejudice flowing from it. *Id*. Hoffman has not established how the danger of unfair prejudice in the admission of a single additional photograph substantially outweighed the probative value of the evidence. The trial court did not abuse its discretion.

## Section 3 – Hoffman has not met his burden to demonstrate that his sentence is inappropriate.

[15] As a final matter, Hoffman claims that his sentence is inappropriate and invites this Court to revise his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895

N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id*. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224.

[16] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for a class A felony is between twenty and fifty years, with the advisory sentence being thirty years. Ind. Code § 35-50-2-4. The trial court here imposed the maximum sentence of fifty years to be served consecutive to his previously imposed twenty-five-year federal sentence. Hoffman argues that the maximum sentence should be reserved for the very worst offenders, *see Hamilton v. State*, 955 N.E.2d 723, 727 (Ind. 2011), and that he is not one of them. We disagree.

[17] The nature of the current offense is, to say the least, heinous. Hoffman repeatedly molested his girlfriend's six-year-old daughter. He was a father figure to the young victim, shared a home with her, and was often responsible for her care. He used his position of trust to manipulate his victim, even convincing her that he might die unless she performed various sexual acts which included oral sex on him. The victim feels "bad" and is "mad" about what Hoffman did to her, and she "doesn't really trust that many people right now." Sentencing Tr. at 69-70. She feels "gross" about what happened and is

"scared" that Hoffman might do things to her again. *Id*. In short, Hoffman has caused unspeakable damage to this child. Nothing about the nature of this offense convinces us that the maximum sentence is inappropriate.

[18] Regarding Hoffman's character, he fares no better. He has an extensive criminal history spanning four decades, including two juvenile adjudications involving violent sexual behavior and at least fifteen adult misdemeanor offenses. He has expressed zero remorse for his current crime and continues to deny any culpability. The trial court aptly described Hoffman as "a heartless and gutless pedophile." *Id*. at 79. Contrary to Hoffman's assertion, he is one of the very worst offenders and has not persuaded us that his fifty-year sentence is inappropriate in light of both the nature of his offense and his character.[7] We affirm the trial court in all respects.

[19] Affirmed.

Riley, J., and Altice, J., concur.

---

[7] Within his inappropriate sentence argument, Hoffman briefly mentions that "the trial court did not properly weigh aggravating and mitigating circumstances" during sentencing. Appellant's Br. at 21. However, a sentencing court cannot be said to have abused its discretion by failing to properly weigh aggravating and mitigating factors. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. Moreover, "inappropriate sentence and abuse of discretion claims are to be analyzed separately." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (citing *Anglemyer*, 868 N.E.2d at 491). Because Hoffman failed to present a separate, cogent argument with the appropriate standard of review regarding the trial court's sentencing discretion, he has waived the issue for our review. *See Foutch v. State*, 53 N.E.3d 577, 580 n.1 (Ind. Ct. App. 2016) (citing Ind. Appellate Rule 46(A)(8)(a)-(b)).