## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Joseph P. Hunter
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy Alan Riddle,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 30, 2017<br><br>Court of Appeals Case No.<br>27A05-1606-CR-1360<br><br>Appeal from the Grant Superior Court<br><br>The Honorable Jeffrey D. Todd, Judge<br><br>Trial Court Cause No.<br>27D01-1512-MR-2 |

**Mathias, Judge.**

[1]     Jeremy Alan Riddle ("Riddle") was convicted in Grant Superior Court of murder, Level 4 felony unlawful possession of a firearm by a serious violent

felon, and Level 6 felony theft. Riddle was ordered to serve an aggregate seventy-seven-year sentence in the Department of Correction. Riddle appeals his convictions and argues that the trial court denied him the right to a fair trial by admitting gruesome crime scene photographs and autopsy photographs into evidence.

We affirm.

## Facts and Procedural History

Riddle and Wendell Donaldson ("Donaldson") were neighbors and acquaintances. On November 11, 2015, Riddle went to Donaldson's home and shot him in the back of the head. Donaldson fell to the floor in his kitchen and died instantly. Riddle put a blanket over Donaldson's head and ransacked the home. Donaldson's pants pockets were also turned inside out. Riddle stole a log splitter, push mower, Donaldson's phone, and hydrocodone pills.

Later that afternoon, Riddle spoke to his wife, who was incarcerated and expecting Riddle to post her bond. Riddle stated he had the bond money but that he had done something "bad" and "real serious" to get the money. Ex. Vol., State's Ex. 97. Riddle said he was trying to lay low and "every day I don't get the electric chair or lethal injection is a victory in my book." *Id.*

On November 14, 2015, Riddle sold a push mower and log splitter to a local pawn shop. Riddle begged the pawn shop owner to purchase the items because he needed money. The push mower was Donaldson's, but the log splitter

belonged to Stephen Gray ("Gray"). Gray was Donaldson's good friend and had loaned the log splitter to him.

[6] On November 18, 2015, Gray stopped by Donaldson's home to visit with him, but did not receive an answer when he knocked on the door. He also sent text messages to Donaldson but did receive any response. On November 22, 2015, Gray returned to Donaldson's home because he had not heard from him and wanted to retrieve his log splitter. Gray's knock on the door went unanswered, and no smoke was coming from the wood-stove chimney pipe, the residence's heat source. Gray was concerned and entered the home through a window Donaldson kept partially open to keep the temperature regulated inside the residence.

[7] Gray knew something was amiss immediately because the home was ransacked. Gray then saw Donaldson's body on the kitchen floor. Donaldson was on his back with a blanket covering his head. Gray quickly discerned that Donaldson was dead. He left the residence immediately and called the police.

[8] When the police arrived, they discovered that Donaldson had suffered a fatal gunshot to his head and neck. The bullet entered at the back of his head, severed his spinal cord, and exited through his right eye. He was shot at close range and a spent casing of a 9 millimeter round was found next to his body.

[9] Donaldson's body was in an advanced state of decomposition. His pants pockets were turned inside out and were empty. The police were unable to locate Donaldson's cell phone, and his prescription bottle of hydrocodone

sitting on the kitchen counter, which had been filled on October 25, 2015, with a 30-day supply, was empty.

[10] A glass containing orange juice was also on the kitchen counter. The glass was tested for DNA and fingerprints. Riddle's fingerprints and DNA were found on the glass. The police also found a 9 mm handgun hidden inside a well casing on the property where Riddle lived in November 2015. The spent casing located next to Donaldson's body had been fired by that handgun. A minor DNA profile found on the gun was consistent with Riddle's DNA.

[11] On December 31, 2015, Riddle was charged with murder, Level 4 felony possession of a firearm by a serious violent felon, and Level 6 felony theft. A three-day jury trial commenced on May 16, 2016. At trial, Riddle objected to the admission of several crime scene photographs and several autopsy photographs. The trial court admitted the photographs over his objection.

[12] Riddle was found guilty as charged. At sentencing, Riddle was ordered to serve an aggregate seventy-seven-year sentence. Specifically, he was ordered to serve concurrent terms of sixty-five years and two and one-half years for the murder and theft convictions and a consecutive twelve-year term for the possession of a firearm conviction. Riddle now appeals.

## Standard of Review

[13] Riddle argues that the trial court abused its discretion when it admitted numerous crime scene and autopsy photographs into evidence. "A trial court has broad discretion in ruling on the admissibility of evidence and we will

disturb its rulings only where it is shown that the court abused that discretion." *Halliburton v. State*, 1 N.E.3d 670, 675 (Ind. 2013). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it." *Id.*

## Discussion and Decision

[14] "[G]enerally, photographs depicting the crime scene and victim's body are admissible as long as they are relevant and competent aids to the jury." *Id.* at 676 (quoting *Woods v. State*, 677 N.E.2d 499, 504 (Ind. 1997)). "Although a photograph may arouse the passions of the jurors, it is admissible unless 'its probative value is substantially outweighed by the danger of unfair prejudice.'" *Id.* (quoting *Cutter v. State*, 725 N.E.2d 401, 406 (Ind. 2000)). "Even gory and revolting photographs may be admissible as long as they are relevant to some material issue or show scenes that a witness could describe orally." *Id.* (quoting *Amburgey v. State*, 696 N.E.2d 44, 45 (Ind. 1998)).

[15] Riddle argues that the repetitive photographs of the crime scene were so graphic and gruesome that their probative value was substantially outweighed by the danger of unfair prejudice. Riddle argues that the autopsy photographs should not have been admitted because Donaldson's body was shown in an altered and manipulated state.

### A. Crime Scene Photographs

[16] Riddle challenges the admission of the crime scene photographs in exhibits 21, 22, 24, 36, 37, and 41. Riddle argues that the gruesome photographs graphically

depicting the wounds to Donaldson's face and head were repetitive of other photographs admitted. Therefore, the photographs "had little, if any, interpretive value for the jury that was not adequately portrayed in other photos." Appellant's Br. at 13. Riddle notes that two of the photographs were not mentioned in any witness testimony.

[17] The photographs are graphic and gruesome, particularly the enlarged images of the wound to Donaldson's eye and head where the bullet exited his body. The State argues that the photographs were not unfairly prejudicial because they were taken from different angles and were used to show the gunshot wound, the decomposition of Donaldson's body to establish the time of the murder, and the position of his body near the window of the kitchen sink.

[18] At trial, the State argued that the bullet was not recovered because it likely went through the kitchen window after exiting Donaldson's body. A photograph was also admitted to show where the bullet exited the kitchen window. Ex. Vol., State's Ex. 9. Therefore, the position of Donaldson's body relative to the kitchen window was relevant and photographs taken from different angles in the kitchen gave the jury a more accurate view of the crime scene. Although there was no witness testimony about the photograph in exhibit 36, it shows a more focused and close-up image of Donaldson's pants pockets turned inside out. This fact was relevant to the State's argument that the motive for the murder was theft. These photographs were all relevant to issues argued by the parties at trial and aided the jury in understanding the position of Donaldson's body in the crime scene and how he was shot. For these reasons, the probative

value of the photographs was not substantially outweighed by the danger of unfair prejudice, and therefore, the trial court properly admitted the photographs in Exhibits 21, 22, 36, 37 and 41.

[19] The only challenged photograph that was not referenced in testimony and was repetitive of other admitted photographs is the image in Exhibit 24. The image is a graphic and gruesome enlarged photograph of the victim's head. However, it is no more graphic or disturbing than any other properly admitted exhibit.

[20] For the sake of argument, if we concluded that the trial court abused its discretion by admitting the photograph in Exhibit 24, the error would be harmless.

> Errors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of the party. To determine whether an error in the introduction of evidence affected the appellant's substantial rights, this Court must assess the probable impact of that evidence upon the jury.

*Corbett v. State*, 764 N.E.2d 622, 628 (Ind. 2002) (citations omitted). The improper admission of evidence is deemed harmless if there is substantial independent evidence of guilt supporting a conviction such that we can say there is no substantial likelihood that the questioned evidence contributed to the conviction. *Hoglund v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012).

[21] At trial, Riddle argued that the State failed to prove beyond a reasonable doubt that he shot Donaldson. It was undisputed that Donaldson was shot in his

kitchen and he died as a result. We cannot conclude that the erroneous admission of one photograph containing an image of Donaldson's gunshot wound had a significant impact on the jury because the image was presented to the jury in several properly admitted photographs. Moreover, substantial independent evidence of guilt supports Riddle's murder conviction. Therefore, even if the photograph is Exhibit 24 was improperly admitted into evidence, Riddle has not established reversible error.

### B. Autopsy Photographs

"Autopsy photographs often present unique problems because the pathologist has manipulated the body in some way during the autopsy." *Halliburton*, 1 N.E.3d at 677 (citing *Corbett v. State*, 764 N.E.2d 622, 627 (Ind. 2002)). "And autopsy photographs are generally inadmissible if they show the body in an altered condition." *Id*. "However, 'there are situations where some alteration of the body is allowed where necessary to demonstrate the testimony being given.'" *Id*. (quoting *Swingley v. State*, 739 N.E.2d 132, 134 (Ind. 2000)). When a body is altered for a photograph, the concern is that the handiwork of the physician may be imputed to the accused and "'thereby render the defendant responsible in the minds of the jurors for the cuts, incisions, and indignity of an autopsy.'" *Swingley*, 739 N.E.2d at 133 (quoting *Allen v. State*, 686 N.E.2d 760 (1997)).

Riddle argues that that the trial court abused its discretion when it admitted the challenged autopsy photographs because Donaldson's body is manipulated and altered in the images. Both exhibits 71 and 72 show the wound where the bullet

entered the back of Donaldson's head or neck, and the pathologist testified that he rubbed some of the skin away around the wound so that he could see it more clearly. Tr. p. 283. The pathologist also did so to take tissue samples to look for evidence of stippling, which occurs when the victim is shot at close range. Tr. pp. 283-84. In the photographs, the pathologist's gloved hands are also manipulating the back of Donaldson's neck and holding his hair away from the wound so that it was more visible.

[24] The State argues that the alteration of Donaldson's wound "is not something that would have been noticeable but for the pathologist's testimony, and it is not something that made the injury more graphic or disturbing than it otherwise would have been." Appellee's Br. at 16. Moreover, the pathologist manipulated Donaldson's body only to more clearly display and demonstrate the injury. *Id*.

[25] The pathologist explained to the jury what he had done and why the alteration was necessary to examine Donaldson's injuries. The alteration and manipulation shown in the photographs was minimal. Therefore, it is unlikely that the autopsy photographs confused the jury concerning the injuries caused by Riddle when he shot Donaldson in the head and the pathologist's minor alternation of those injuries. Therefore, the probative value of the photographs was not substantially outweighed by any prejudicial effect. For these reasons, we conclude that the trial court did not abuse its discretion when it admitted the autopsy photographs.

# Conclusion

[26] The trial court did not abuse its discretion when it admitted into evidence the challenged exhibits consisting of crime scene and autopsy photographs.

[27] Affirmed.

Baker, J., and Pyle, J., concur.